Bennie WILLIAMS, Appellant,

v.

E. E. HAYNES, Superintendent, Appellee.

No. 20720.

United States Court of Appeals,
Eighth Circuit.

April 1, 1971.

Mr. Bennie Williams pro. se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., and Kenneth M. Romines, Asst. Atty. Gen., filed brief for appellee.

Before MATTHES, Chief Judge, VAN OOSTERHOUT and LAY, Circuit Judges.

MATTHES, Chief Judge.

Bennie Williams was found guilty in the Circuit Court of the City of St. Louis, Missouri, of armed robbery with a dangerous and deadly weapon. The judgment of conviction was affirmed by the Supreme Court of Missouri. State v. Williams, 448 S.W.2d 865 (Mo.1970). He sought habeas corpus relief in the United States District Court for the Eastern District of Missouri. His claim for relief was grounded upon the use of pretrial identification procedures condemned in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). On this appeal from the district court's order denying habeas relief, the same contention is urged upon us. We affirm.

The identical contention of fatal error was submitted to and rejected by the Missouri court on appeal from the judgment of conviction. That court premised its decision on two bases: (1) that Williams had knowingly and intelligently waived the right to have a lawyer present at the showup procedure; (2) that the in-court identification had an independent source and was not a product of or based upon the confrontation at the police station. State v. Williams, supra, 448 S.W.2d at 867–868.

We have carefully studied the evidence on the motion to suppress the testimony of the victim of the holdup and his son, and the transcript of the trial in the state court. All relevant facts are fully and accurately delineated in the soundly reasoned opinion of the Missouri Supreme Court, supra, and we therefore refrain from engaging in a needless repetition of the evidence bearing upon the issue before us.

The state established by clear and convincing evidence "that the in-court identifications were based upon observations of the [appellant] other than the [showup] identification." United States v. Wade, supra 388 U.S. at 240, 87 S.Ct. at 1939. See also United States v. Valez, 431 F.2d 622, 626 n. 4 (8th Cir. 1970);

United States v. Ranciglio, 429 F.2d 228 (8th Cir. 1970).

Having so concluded, we pretermit discussion of the waiver of counsel, observing, however, that there was substantial evidence introduced at the hearing on the motion to suppress to support the supreme court's holding that appellant did knowingly and intelligently waive the right to have counsel present at the showup.

The order appealed from is affirmed and our mandate shall issue forthwith.