■ In the Matter of VANCOUVER DRIVE RESTAURANT, INC., Respondent, v. BOARD OF TRUSTEES OF THE VILLAGE OF MASSAPEQUA PARK, Appellant.— In a proceeding to compel issuance of a cabaret license, the appeal is from a judgment of the Supreme Court, Nassau County, entered October 6, 1972, which granted the application. Judgment reversed, on the law, with $20 costs and disbursements, and proceeding dismissed on the merits. In December of 1969 this matter was considered by Mr. Justice Smith at Special Term in Nassau County. At that time, Mr. Justice Smith supported appellant in denying a cabaret license on the premises in question. We find no material difference in the status of the situation in 1972 when the instant proceeding was instituted. No appeal was taken from the determination by Mr. Justice Smith. Hopkins, Acting P. J., Martuscello, Gulotta and Brennan, JJ., concur; Munder, J., dissents and votes to affirm.

■ PAUL J. LARKIN, Appellant, v. INTELLIGENCE SERVICES, INC., Respondent.— Order of the Supreme Court, Nassau County, dated August 21, 1972, affirmed, with $20 costs and disbursements (*Goldstein* v. *Maisel*, 271 App. Div. 971; 8 N. Y., Contracts Law, §§ 2914, 2913). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES BROWN, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Westchester County, imposed June 15, 1972. Sentence reversed, on the law, and case remanded to the County Court for resentence in accordance with the views herein set forth. CPL 380.50 requires that the court not only make a statement at the time of sentence but also that the court ask the defendant whether he wishes to make a statement. This must be done (*People* v. *Gilliam*, 40 A D 2d 1036). Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEPHEN FAILLA, Appellant.— Judgment of the Supreme Court, Queens County, rendered March 17, 1972, affirmed. Defendant is an admitted drug addict. After he had been placed with the Narcotic Addiction Control Commission and discharged from the Arthur Kill Rehabilitation Center it appeared that he reverted to drug addiction and committed two successive crimes. Thus, it appears that the Trial Justice did not abuse his discretion in the sentence imposed (cf. *People* v. *Carter*, 31 N Y 2d 964). Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.