Jasen, J.
Following denial of a motion to suppress evidence seized during a warrantless automobile search, the defendants pleaded guilty to possession of a weapon and criminal trespass in the second degree. The judgments were affirmed by the Appellate Division, one Justice dissenting.
The issue is whether an interstate police bulletin alone can furnish probable cause for a warrantless motor vehicle search.
At about 10:30 p.m. on June 16, 1972, Undersheriff Brewer of Seneca County received a telephone call from a person identifying himself as a Detective Holhman of the Lancaster, Pennsylvania Police Department. Without disclosing the source of his information, Detective Holhman related that the defendants, brothers, were believed enroute from Lancaster to Interlaken, Seneca County, where their parents resided. He furnished a detailed list of weapons,, including a .45 automatic pistol, a .25 automatic pistol, ia .32 revolver, an M-16 machine gun, and a machete, and stolen motorcycles believed to be in their possession. He described the vehicles that were being driven and hauled by the duo according to type, color and license plate number. A teletype message containing the same information also was received by the State Police Headquarters in Albany about one hour earlier that evening.
Brewer then called the Waterloo substation of the State Police to advise of the communication and to request backup assistance. It is not clear whether at that time the substation had received the teletype communication.
At about 3:00 a.m., the Undersheriff was advised by a deputy that the suspect vehicles had arrived at the Lypka residence. At about 3:30 a.m., without arrest or search warrants, a total of 9 or 10 deputies and State Troopers in five cars converged on the scene. Armed with several shotguns, a rifle and regulation handguns, the officers positioned themselves about the house while two others approached the door. The described vehicles were parked in the driveway and in front of the.Lypka residence. The house was dark. Defendant Robert Lypka *213 answered the door, denied knowledge of any stolen property and acquiesced to a request to search the vehicles. Joined shortly by his brother, the defendant Gilbert, the two purportedly assisted in unlocking the vehicles. Both 'testified, as did their parents, that they observed the armed officers from the house and 'believed that they had no choice but to submit to the search request.
The immediate search revealed contraband and weapons. A more thorough search conducted at the State Police Barracks disclosed additional weapons and some of the stolen property described by the Pennsylvania police.
The County Court denied the motion to suppress, finding as a matter of fact that the defendants consented to the search. The Appellate Division majority rested[1] its affirmance on the ground that there was probable cause to search and that the. automobile exception to the warrant requirement applied. The dissenting Justice was of the view that in these circumstances the police should have obtained a warrant.
We approach the case somewhat differently. Preliminarily, we think that the police response to the telephone and teletype communications from the Pennsylvania authorities was reasonable and proper. A police officer is entitled to act on the strength of a radio bulletin ór a telephone or teletype alert from a fellow officer or department and to assume its reliability. (Whiteley v. Warden, 401 U. S. 560, 568; People v. Horowitz, 21 N Y 2d 55, 60.) It follows that .where the bulletin or alert, prima facie, furnishes probable cause, a reasonable search is permissible. In such circumstances the sender’s knowledge is imputed to the receiver and, When the receiver acts, he presumptively possesses the requisite probable cause to search.[1]
The presumption is not irrational and may be rebutted.[2] To be sure, of itself the bulletin is unsubstantiated hearsay. (Cf. *214 United States v.Pond, 382 F. Supp. 556, 561.) But as- a practical matter, and in this area we deal with, practicalities (United States v. Ventresca, 380 U. S. 102, 108), it is far more reliable than the usual sort of hearsay upon which warrants may issue. (See Jones v. United States, 362 U. S. 257, 269; see_Search Warrant—Hearsay, Ann., 10 ALR 3d 359.) Indeed, the.probabilities are that snch detailed information of the type in these Communications does not find its way onto the police air waves, without substantial basis. (See, e.g., United States v. Nygard, 324 F. Supp. 863, 866-S67.)[3]
But where on a motion to suppress, a challenge"to the receiver’s action ismade, the presumption, óf probable cause that originally cloaked that action disappears from the case. (Cf. Whiteley v. Warden, 401 U. S. 560, supra.) At that point, hare reliance on an unsubstantiated hearsay communication from the instigating officer, or department will-not suffice for probable cause. Ultimately, to sustain their burden at the suppression hearing (see People v. Green, 33 N Y 2d 496, 500, n. 3), the . People must demonstrate that the sender or sending agency itself possessed the requisite probable cause to act. (See United Stales v Morris, 445 F. 2d 1233, cert. den. 404 U.S. 957, supra; Brown v. State, 443 S. W. 2d 261,. 263 [Tex. Ct. Crim. App.]; United States v. Nygard, supra; United States v. Pond, 382 F. Supp. 556; Note, 25 Baylor L. Rev. 697.)
Here, though, at the suppression hearing there was no proof whatsoever that the "Pennsylvania authorities possessed. the necessary probable cause to support a search for weapons and stolen property. .It follows that the resulting search by the New York authorities was hot sustained by the proof. Because á proper record, on this issue was not made at the suppression hearing, we believe it appropriate to withheld determination of the appeal and to remit the case to the County Court for further proceedings on the motion to suppress. (People v. Green, supra, p. 500; People v. Horowitz, 21 N Y 2d 55, 60-61, supra; People v. Malinsky, 15 N Y 2d 86, 95, 96.)
Because there are. to be further proceedings, we comment briefly on the fact that the police officers had not previously *215 sought a warrant. There was here the threat of imminent danger to the public safety if the vehicles were tampered with and. the veritable arsenal of weapons removed. An immediate and appropriate police response was called, for. An attempt to obtain a search warrant in the middle of the night, if feasible at all, could only have delayed that response, perhaps with deleterious consequences.[4] Moreover, it should be noted that the information that would furnish probable cause for a warrantless search would furnish as well reasonable cause for a warrantless arrest of the defendants for possession of stolen property and weapons. (CPL 140.10; see. La Fave, Arrest, The Decision to Take a Suspect into Custody, pp. 285-287.)
In these circumstances, we do not. think the search is made unreasonable because a warrant was not sought in advance. (Cady v. Dombrowski, 413 U. S. 433; 447-448.). That protection of the public may have been accomplished by less intrusive means does not itself render the search unreasonable (Cf. Chambers v. Maroney, 399 U. S. 42; People v. Singleteary, 35 N. Y. 2d 528 ; People v. Brosnan, 32 N Y 2d 254, 259-260.) Moreover, that the vehicles were, at the time parked and unattended is mot determinative. of the warrant issue in this case for it could not have been known with any certainty whether the stop at Interlaken was the conclusion ór but a brief pause in an ongoing interstate flight with weapons and contraband. (Cf. Scher v. United States, 305 U. S. 251.) The public safety justified the police in not hazarding a guess and delaying .their response to seek ar-search warrant.
- ‘ Accordingly, the determination of this appeal should be withheld and the case remitted to the County Court, Seneca County, for further- proceedings on the motion to suppress consistent with this opinion.
Chief Judge Breitel and Judges Gabrielli, Jones, Wacbtler, Fuchberg and Cooke concur.
Determination of appeal withheld and case remitted to County. Court, Seneca County, for further proceedings in accordance with the opinion herein.

. We see no basis for distinguishing between intrastate and interstate police communications and pickup directives as a predicate for prompt police action in urgent situations of this sort involving contraband and weapons on the highway. (See United, States v. Morris, 445 F. 2d 1233, 1235-1236, cert. den. 404 U.. S. 957.)

. An entirely other matter is presented if the independent observations of the receiver confirm in important respects the sender’s information. (Cf. People v. Reisman, 29 N Y 2d 278, 284; see Cox v. State, 254 Ark. 1, cert. den. 414 U. S. 923.)

. It "would be unreasonable .to expect or^to require that the basis for the bulletin, be it the report of "an eyewitness to a crime, the report of an iifonner, or whatever, be broadcast with the bulletin.

. We note that the circumstances here were not as strong as ia. People v. Glen (30 N Y 2d 252, cert. den. sub nom. Baker v. New York, 409 U. S. 849), where a prospective warrant to search was sustained.