■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KONSTANTINOS GARNAVOS and GEORGIOS PAPANIKAS, Appellants.—Appeals by defendants, as limited by their briefs, from two sentences (one as to each defendant) of the Supreme Court, Queens County, both imposed January 26, 1973, upon their convictions of robbery in the third degree upon their guilty pleas. Sentences reversed, on the law, and cases remanded to Criminal Term for resentence. The sentences imposed were not excessive. CPL 380.50 requires, however, that the sentencing court ask the defendant whether he wishes to make a statement before sentence is imposed *(People v Cummings,* 45 AD2d 763; *People v Brown,* 41 AD2d 850). No opportunity was offered, in the alternative or otherwise, from which it can be gleaned whether there was "substantial compliance with the statutory requirement" *(People v McClain,* 35 NY2d 483, 488). Hopkins, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW KELLERMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 27, 1974, convicting him of criminal possession of a dangerous drug in the fifth degree, upon his guilty plea, and imposing sentence. Case remitted to Criminal Term for further proceedings on the motion to suppress consistent with the opinion in *People v Lypka* (36 NY2d 210) and on appeal held in abeyance in the interim. Hopkins, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ. concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. KENCHIK, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 5, 1974, convicting him of attempted burglary in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. Judgment affirmed. In the context of this case we see no prejudice to defendant in the exercise of the trial court's discretion in its determination as to the use of defendant's prior convictions during any cross-examination of him, were he to testify (here he did not testify). Nevertheless, we add, for the guidance of courts making such determinations that such determinations should be made promptly and well in advance of the time that the defendant must make his choice whether to testify or not (cf. *People v Sandoval,* 34 NY2d 371, 375; *People v Duffy,* 44 AD2d 298, 305). "Revelation of the impeachment testimony and announcement of the trial court's ruling in advance of trial are consistent with the objectives today of broad pretrial discovery and disclosure" *(People v Sandoval, supra,* at 375). Rabin, Acting P. J., Hopkins, Martuscello, Cohalan and Christ, JJ., concur.