THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GEORGE

DIXON, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated June 10, 1975, which, after a hearing, granted defendant's motion to suppress certain physical evidence (a loaded .38 caliber revolver). Order reversed, on the law and the facts, and motion denied. At the suppression hearing, Housing Officer Schiano testified that, at about 4:45 P.M. on February 4, 1975, he heard shots in the vicinity of 107th Avenue and 160th Street, Queens. When he arrived at the scene of the shooting he saw a person clutching his stomach as though injured. His attention was then directed to a 1960 gray Cadillac by people shouting: "The Cadillac. the Cadillac." He observed a black male enter the vehicle and drive away. During the unsuccessful chase which followed, Schiano heard his fellow officer transmit an alarm over his "walkie-talkie" to the effect that they were pursuing a 1960 gray Cadillac and that its occupants were armed. Police Officer Morgenstein, assigned to the 6:00 P.M. to midnight shift that day, testified that at about 7:00 P.M. he had received a police radio alarm advising him to be on the lookout for a 1960 gray Cadillac with front end damage. According to the alarm, the occupant of the vehicle, a black male, was wanted by the 103d Precinct in Queens for a shooting which had occurred before 6:00 P.M. that evening. At about 10:20 P.M. Morgenstein observed defendant, a black male, operating a 1960 gray Cadillac with front end damage on Hillside Avenue. Since the vehicle fit the description of the one described in the radio alarm received earlier that evening, Morgenstein stopped the defendant from proceeding further in order to make an inquiry. During a frisk of the defendant shortly after he was stopped, Morgenstein found the weapon sought to be suppressed. In our opinion, Morgenstein was entitled to act as he did on the strength of a radio alarm from a fellow officer or department, and to assume its reliability (see *People v Lypka,* 36 NY2d 210, 213). On such basis the initial stop was justified *(People v Lypka, supra).* As such temporary restraint was founded on reasonable suspicion that defendant had committed a crime, it follows that the revolver found after the defendant refused to comply with a request to leave the car, and during the ensuing frisk, is admissible in evidence at the trial for unlawful possession of a loaded weapon (see *People v Earl,* 50 AD2d 289, 291–292). In these circumstances, the arresting officers were not required to have reasonable cause to act, but merely reasonable suspicion that the defendant had committed the crime which was the subject of the radio alarm (see *People v Lypka, supra).* Latham, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.