THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. SZCZEPANIK, Appellant.—Appeal from a judgment of the County Court of Montgomery County, rendered August 23, 1974, convicting defendant on his plea of guilty of the crime of criminal possession of a controlled substance in the seventh degree. Upon the affidavit of his attorney alleging that police officers "were not in possession of a search warrant nor was any search of defendant justified by any other principle of law", defendant moved to suppress evidence consisting of a quantity of marijuana, discovered in his possession and seized by members of the State Police, which furnished the basis of the criminal charges lodged against him. Following a hearing and a denial of that motion, defendant was convicted on his plea of guilty and was sentenced to a two-month definite term of imprisonment. His sole contention on this appeal is that the trial court erred in its ruling on the suppression motion because the prosecution had failed in its burden of going forward in the first instance to show the legality of the police conduct. We reject this argument and affirm the judgment. Evidence was adduced at the hearing revealing that the seizure of the marijuana followed an arrest of the defendant and an incidental search of his person. The only disputed matter concerns the sufficiency of the proof demonstrating the legality of that arrest. Trooper Schlagel testified he possessed a warrant calling for defendant's arrest on a charge of unauthorized use of a motor vehicle. Defendant's objection to this answer on the ground that the warrant itself constituted the best evidence was overruled. Trooper Schlagel then related that he communicated this information by radio to Investigator Lair after the defendant had eluded his initial attempt to apprehend him. Investigator Lair testified that he placed the defendant under arrest about an hour and a half later, advised him of the unauthorized use charge, and proceeded to conduct a search of his person. Defendant offered no evidence tending to rebut the foregoing version of events, but maintains that the prosecution's failure to produce the arrest warrant at the hearing was fatal to its burden of proof. That burden, however, has been consistently characterized as merely the necessity of going forward in the first instance with evidence to show that a lawful predicate for the search existed, while the ultimate burden of establishing the claimed illegality thereof usually continues to remain on the defendant seeking to suppress its results *(People v Berrios,* 28 NY2d 361; *People v Whitehurst,* 25 NY2d 389; *People v Malinsky,* 15 NY2d 86). Thus, in *People v Green* (33 NY2d 496), where on appeal the People offered the alternative theory of a valid warrantless arrest to justify the search undertaken, a new hearing was required for want of proof establishing probable cause to make such an arrest at the original hearing (p 500). In *People v Baldwin* (25 NY2d 66) the evidence was suppressed because the prosecution had failed in the first instance to develop any probable cause

authorizing the officers' action in arresting the accused *(id.,* pp 70, 71). In this case, on the other hand, it was the unshaken account of the police officers that the defendant had been taken into custody by virtue of a warrant of arrest which, at least presumptively, could only issue upon reasonable cause that the defendant had committed a crime (CPL 120.20, 100.40). Had defendant challenged the facts underlying that presumption, the prosecution would have been obliged to go beyond that point and demonstrate that such cause actually existed (cf. *People v Lypka,* 36 NY2d 210, 214). Instead, defendant's motion attacked the seizure in the most general of terms without reference to any arrest warrant, and his invocation of the best evidence rule incorrectly assumed that the prosecution needed to prove the contents of that document (Richardson, Evidence [10th ed], §§ 568, 572). Even if his actions be thought sufficient to cast doubt on whether an arrest warrant had been issued, defendant never requested that he be supplied with it or sought to compel its production. On cross-examination Trooper Schlagel named the officer who had obtained the warrant and Investigator Lair specified the local criminal court which had issued it. Under these circumstances, and ignoring Investigator Lair's testimony that defendant was advised of the reason for his arrest, it does not seem too much to ask of defendant that he at least make some attempt to obtain the warrant or question the facts upon which it was issued before the prosecution should be held to any greater burden. Although the question is one of degree in these situations, we conclude that the burden of going forward to show the legality of police conduct is satisfactorily met by the prosecution when testimony is elicited that the officers were acting pursuant to a warrant for the arrest of the defendant and the exhibition of such a document is not required as a matter of course in every case. Finally, affirmance would also be indicated upon the trial court's finding that: "Seizure of the evidence in question, which fell [into plain view] from the defendant's clothing when he attempted to escape, was likewise proper" (cf. *People v Lemmons,* 40 NY2d 505; *People v Doerbecker,* 39 NY2d 448). Judgment affirmed. Koreman, P. J., Kane, and Herlihy, JJ., concur; Mahoney and Reynolds, JJ., dissent and vote to remit for further proceedings in the following memorandum by Mahoney, J: We dissent. Before his plea, defendant moved to suppress a quantity of marijuana found on his person by the State Police. The testimony at the hearing (CPL 710.60, subd 4) concerning the seizure was provided entirely by State policemen involved in the capture and search of the defendant. The defense merely cross-examined these witnesses, calling none of its own. The only justification for the search was an arrest warrant (charging unauthorized use of a motor vehicle) which one of the arresting troopers testified he had. Neither the warrant nor a copy was ever produced by the People at the suppression hearing. Defendant's counsel objected to oral proof of the warrant on the ground that the warrant itself is the best evidence. The objection was summarily overruled, so the record does not explain the failure to produce. Aside from situations where the People contend the defendant consented to the search (see *People v Whitehurst,* 25 NY2d 389), a defendant claiming a Fourth Amendment violation has the burden of proving illegality. However, "the People are nevertheless put to 'the burden of *going forward* to show the legality of the police conduct in the first instance.' " *(People v Berrios,* 28 NY2d 361, 367; citations omitted.) Some courts have suggested that the mere production of an ostensibly valid warrant fulfills the duty to go forward since "A warrant is cloaked with the presumption of regularity surrounding official acts" (Pitler, New York Criminal Practice Under The CPL, § 10.69, p 539 [1972];

cf. *People v Ford,* 61 Misc 2d 419, 422). Assuming, *arguendo,* that the warrant alone would shift the burden of going forward to the defendant, the evidence offered below by the People was clearly inadequate. No warrant was produced, and none of the testifying troopers knew what the probable cause was for issuing the supposed warrant. The majority would give the People the benefit of a presumption of regularity without producing for examination that which is presumed to be valid. Since the People failed to produce the warrant, the underlying affidavits, or the affiants, the defendant had no opportunity to rebut the presumption (see *People v Di Stefano,* 38 NY2d 640, 652 [securing the presence of the involved officers recognized as an important part of the People's burden of going forward]). Since the record is inadequate to resolve the legality of the seizure, the case must be remitted to the trial court for further proceedings on the motion to suppress (see, e.g., *People v Lypka,* 36 NY2d 210).