■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SAMUEL R. EADDY, Respondent.—Order unanimously reversed and motion denied. Memorandum: Defendant has been charged with criminal possession of a weapon in the third degree, a loaded revolver. Prior to trial he moved for suppression of the gun and his motion was granted. The issue is whether the stop of defendant by the police and the subsequent removal of the gun from a holster on defendant's hip violated defendant's Fourth Amendment right to be free from unreasonable search and seizure. On November 30, 1977 two Utica police officers were advised by a radio call from headquarters to proceed to the residence of Frank Flemming to investigate a complaint. When they arrived Flemming advised them that earlier that day a man known to him only as Sam had sought him out and confronted him with the complaint that Flemming had given his daughter drugs. The two men

engaged in an argument and Sam threatened to blow up Flemming. Flemming was with a friend at the time. He did not observe any weapon and he was unable to further identify Sam. Later that evening, however, he called the police department to give the police a description of Sam's automobile and its license plate number. A police check revealed that the automobile was registered to defendant. The police also received information from an informant known to them but unidentified on the record that he had seen defendant in a bar with a revolver on his hip. At about 12:25 A.M. on December 5, 1975, Officer Frank Spartano was patrolling in the downtown area of the city when he observed defendant's car. The information forwarded to him was a description of the car, the name of the owner, Sam Eaddy, and the warning that Eaddy would be carrying a gun. Officer Spartano stopped the car, asked defendant to get out and asked him to produce his license and registration. Defendant was wearing a waist-length corduroy coat which extended a few inches below his hip and as he stood beside the car, Officer Spartano observed a bulge in the coat near defendant's right hip. Defendant identified himself by means of his license and registration and the officer then asked him to unbutton his coat. When defendant did so, Officer Spartano moved the coat away from defendant's hip so that the revolver was clearly visible. The officer removed the gun from the holster, and when defendant admitted that he had no permit for the gun he was arrested for unlawful possession. The trial court granted the motion to suppress, holding that Officer Spartano had no first-hand information which gave him reasonable cause for his actions and that, therefore, his seizure of the weapon was illegal under the holding of *People v Lypka* (36 NY2d 210). In *Lypka* the Court of Appeals held that a police officer was entitled to act upon a radio bulletin from headquarters, the sender's knowledge being deemed to be that of the receiver. If the bulletin furnished sufficient cause for the ensuing police action, the action was presumptively legal. The presumption may be rebutted, however, because the bulletin itself is unsubstantiated hearsay. When challenged at a suppression hearing, the burden falls upon the People to demonstrate that the sending agency has sufficient cause to justify the subsequent police action *(People v Lypka, supra,* pp 213-214). We find no fault with the police action in this respect here. At the hearing the People produced as a witness Officer Wdowiak, the same officer who had interviewed Mr. Flemming during the investigation and who had talked with the unidentified informant. The question, therefore, is the sufficiency of his information to justify the action which followed, not whether it was competent. The police have a common-law right to stop a person for purposes of investigation provided they possess at that moment "a founded suspicion that criminal activity is present" *(People v De Bour,* 40 NY2d 210, 215). At the time Officer Spartano stopped defendant, the police were aware that defendant had threatened "to blow up" Flemming and that he possessed a gun. They also knew that he owned a car fitting a certain description and bearing the registration number of the car the police had located. Officer Spartano then had reasonable grounds to make the stop and ask defendant to exit the car and identify himself (cf. *People v Ingle,* 36 NY2d 413). When he confirmed defendant's identity and observed the bulge under the coat on defendant's hip, the officer made a minimal intrusion upon defendant's person by asking him to unbutton his coat and pushing the coat aside to reveal the revolver in plain view. The subsequent seizure of the weapon was lawful and the evidence should not have been suppressed *(People v De Bour, supra).* (Appeal from order of Oneida County Court—motion to suppress.) Present—Marsh, P. J., Simons, Hancock, Jr., Denman and Witmer, JJ.