Cooke, J.
(dissenting). I, too, vote for affirmance, but my reasons differ from those of my brother Gabrielli.
Prior to our decision in People v De Bour (40 NY2d 210, 223), no reasonable suspicion case required the prosecution to produce the testimony of a sender of a police communication at a suppression hearing (compare People v Lypka, 36 NY2d *650 210, 214, and People v Horowitz, 21 NY2d 55, with People v Mack, 26 NY2d 311). Nor did any case furnish notice that such a rule was emerging, with the exception of People v Lypka (36 NY2d 210, supra). Both De Bour and Lypka were decided after the first suppression hearing in this case. Hence the District Attorney handling the initial hearing could not have known that the testimony of Sergeant Arlotta and Mr. Hechinger would be needed to establish reasonable suspicion.
Where, as here, a new rule of law altering the proof needed to establish reasonable suspicion is laid down subsequent to the suppression hearing, the People effectively have not been afforded "a full opportunity to present evidence” at that hearing. Measured against the standard adopted by the majority, then, the remittal in this case was proper, and the testimony elicited at the second hearing may be considered in assessing the legality of the challenged police conduct. Taken together, the facts developed at the two hearings demonstrate that the officer acted upon reasonable suspicion.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jones and Fuchsberg concur with Judge Wachtler; Judge Gabrielli dissents and votes to affirm in an opinion in which Judge Jasen concurs; Judge Cooke dissents and votes to affirm in a separate dissenting opinion.
Order reversed, etc.