## (May 31, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WHITE, Appellant. — Appeal from judgment of the Supreme Court, New York County (Becker, Leon, J.) rendered August 28, 1980, convicting defendant upon guilty plea of criminal possession of a controlled substance in the sixth degree and violation of parole is held in abeyance and remanded for hearing in which the People are to produce their informant, Ms. Blair. Police Officer Porzio, upon arriving at the scene of a shooting, was asked to transport several civilians to the precinct. At first he testified he knew the civilians were eyewitnesses to the crime, but upon redirect stated he had been explicitly informed they were eyewitnesses. On the way to the precinct, he asked civilians to look around and point out anyone who was involved in the robbery and shooting. One civilian, Ms. Blair, pointed to a man in a food store and stated "he was there". Officer Porzio exited the car and entered the store and advised defendant that he was under arrest. He thereupon frisked him and recovered 26 glassine envelopes from defendant's jacket. The arrest occurred 15 to 20 minutes after the incident. Defendant moved to have Blair produced, because he could not locate her and he believed she was under the People's control. He argued that he was never charged with the shooting because of the conflicting identification. Defendant felt that there may have been equivocal identification at the scene and Blair's testimony would impeach Porzio. The court denied the motion to produce Blair, finding Officer Porzio's testimony to be credible. This was error. The sole basis for finding probable cause was Blair's statement to Officer Porzio. It does not appear that defendant was acting in a suspicious manner when apprehended by Porzio. Absent the information from Blair, therefore, Officer Porzio had no basis to arrest the defendant. There were a number of bystanders at the crime scene. Blair simply said in respect to the defendant "he was there". She did not describe the perpetrators of the shooting in any manner, nor did she directly tie defendant to the crime. Defendant was entitled to challenge the verity and accuracy of Porzio's recount of the information allegedly supplied by Blair. (See *People v Lypka,* 36 NY2d 210.) Since the defendant was unable to locate Blair and she appeared to be in the People's control, the court erred in not requiring that she be produced. Accordingly, the appeal is held in abeyance, pending a further hearing at which Blair is to be produced. Concur — Murphy, P. J., Sandler, Bloom and Alexander, JJ.

■ JOANNE S. et al., Appellants, and LORIS A. et al., Proposed Intervenors-Appellants, v HUGH L. CAREY et al., Respondents. — Judgment, Supreme Court, New York County (Martin Evans, J.), entered on February 1, 1983, unanimously affirmed, without costs and without disbursements. (See *Klostermann v Carey,* 91 AD2d 593.) No opinion. Concur — Sandler, J. P., Sullivan, Ross, Silverman and Milonas, JJ.