Kaye, J.
(dissenting). Where, as here, an accused challenges a warrantless search and seizure conducted by one police officer based upon accusations received from another police source, “to sustain their burden at the suppression hearing * * * the People must demonstrate that the sender or sending agency itself possessed the requisite probable cause to act.” (People v Lypka, 36 NY2d 210, 214; People v Havelka, 45 NY2d 636.) In now holding that the People have met their burden without producing the accusing officer to testify as to the basis for his accusation, the majority reasons that the seemingly clear command of Lypka and Havelka is inapplicable because “the key factor in those cases is that the record did not indicate how the sending officer had acquired his information” whereas here *54 the arresting officer’s testimony purportedly showed that the accusing officer “had personally witnessed the defendant commit the crime.”
While the majority would examine the sending officer’s accusations in terms of veracity, reliability and basis of knowledge, as if information had been received from a private informant (see People v Elwell, 50 NY2d 231), the rule in Lypka and Havelka does not rest on concern for the veracity, reliability or knowledgeability of police officers as informants.[1] The rule is based upon entirely different considerations, namely the right of an accused under the Fourth Amendment of the United States Constitution and section 12 of article I of the New York Constitution to put government accusers — as opposed to private accusers — to their proof on the issue of probable cause to arrest or to search. Because the result today disregards this fundamental distinction and represents an unwarranted departure from our prior decisions, I respectfully dissent.
The only basis in the record for the majority’s conclusion that the undercover officer personally observed defendant commit a crime is the testimony of the arresting officer that the undercover officer told him the defendant committed a crime. The arresting officer, while technically subject to cross-examination by defendant, was without personal knowledge of the relevant facts. He admitted that he did not personally observe any sale of drugs or “stash” in the trunk of defendant’s automobile, and received no information other than the cursory accusatory radio communication from the undercover officer, who, the arresting officer testified, “didn’t tell me anything about his observations.” Although there was no claim that he was unavailable, the undercover officer, on whose accusations the lawfulness of defendant’s warrantless arrest and the search of his person, as well as the warrantless search of the trunk of defendant’s automobile, must depend, was not produced and did not testify. The People produced no other witness at the hearing.[2] When defense counsel attempted to intro *55 duce the undercover officer’s report, both as to the “buy” and as to the search, the People objected on the ground that it could not be used to impeach because “[t]his is written as to what someone else saw and heard”, and the court sustained this objection. The decision of the police that there was probable cause to arrest and search defendant and also to search the trunk of defendant’s automobile is thus effectively insulated from challenge by defendant.
Such insulation of the government’s decision to arrest and search is prohibited by the Federal and State Constitutions. Unlike those of a private informant, the accusations of a government officer are subject to constitutional proscriptions (People v Gleeson, 36 NY2d 462, 465) and “an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest.” (Whiteley v Warden, 401 US 560, 568.) Where the accuser is a police officer, and not a private informant, the soundness of his accusation implicates the accused’s constitutional rights, for if the accuser is in error, the accused has been the subject of improper governmental conduct, regardless of the good faith of the arresting officer. (People v Ward, 95 AD2d 233, 239.) If in a particular case it is necessary to preserve the anonymity of an undercover officer — a claim which was not in any event made by the People in the present case — then measures can be taken to conceal the officer’s identity while testifying, without loss of an accused’s constitutional rights.
Clearly, it is incumbent upon the People in the first instance to show the existence of probable cause to arrest the defendant and to search his automobile. (People v Bouton, 50 NY2d 130, 136.) The end result of today’s decision is that the People can fulfill that burden at a suppression hearing by producing an officer who has no knowledge of and cannot be impeached or even examined concerning the basis for probable cause, but who will testify only that he was told by another officer that the defendant committed a crime and that there is contraband *56 in defendant’s automobile. This new per se rule ignores basic constitutional safeguards.
Judges Jasen, Jones, Meyer and Simons concur with Judge Wachtler; Judge Kaye dissents and votes to affirm in a separate opinion in which Chief Judge Cooke concurs.
Order reversed, etc.

. Indeed, in Lypka, this court observed that the police bulletin which instigated the search and seizure was “far more reliable than the usual sort of hearsay upon which warrants may issue.” (36 NY2d, at p 214.) Nonetheless, the communication would not suffice for probable cause.

. Where, as here, the testifying officer lacks personal knowledge, no other witness is produced, and the defendant is arrested alone, it is hard to imagine the sort of *55 “showing” the majority contemplates in order to require production of the undercover officer, or where there is flexibility in its rule.