■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD COOK, Appellant.—Judgment affirmed. Memorandum: The suppression court properly concluded that Officer Drayton, dispatched at night to investigate a reported burglary, had probable cause to arrest defendant. On arrival at the scene the officer observed the glow of a light moving inside the darkened commercial building, and defendant was apprehended shortly thereafter as he stepped off the enclosed porch. We reject defendant's argument that it was necessary for the prosecution under the rule stated in People v Havelka (45 NY2d 636) and People v Lypka (36 NY2d 210) to produce the officer who sent the transmission for the purpose of verifying the fact that Officer Drayton had been dispatched to the scene. Officer Drayton's testimony concerning the order from headquarters was accepted as relevant only as providing an explanation of why he went to 13-15 Oregon Street. Its purpose was to establish the fact that the dispatch order had been given and received and not to prove the truth of anything asserted in the transmission. The testimony, therefore, was not hearsay (see, Richardson, Evidence §§ 200, 203, 204 [10th ed]; cf. People v Havelka, supra, p 641; People v Lypka, supra, pp 213, 214). Proof from the dispatcher that the order had been transmitted would be cumulative, and to require it here and in similar cases would impose a needless and time-consuming burden on

the prosecution. Even if we were to treat the dispatch order as hearsay, the testimony of the dispatching officer would not be required at the suppression hearing. Officer Drayton observed a light moving inside the building when he arrived at the scene, which confirmed the report of a burglary. The independent observation of the receiving officer confirming the report is sufficient to sustain the action taken *(see, People v Havelka, supra,* p 641; *People v Lypka, supra,* p 213, n 2; *People v Bowdoin,* 89 AD2d 986, 987).

We have examined defendant's other contentions and find no basis for reversal.

All concur, except Green, J., who dissents and votes to reverse and grant defendant's motion to suppress in the following memorandum.

Green, J. (dissenting). I must dissent. The issue is whether there was probable cause to arrest the defendant. The arresting officer claims he was dispatched to the scene to investigate a burglary. When he arrived, the building was dark and the officer observed a "moving light shadow" inside. He then observed defendant walk away from the building.

Without reference to the radio dispatch, there was no probable cause to arrest defendant. The police did not observe defendant do anything other than walk away from a dark building. The officer never testified he actually saw defendant inside the building nor did he observe any sign of illegal entry. Defendant did not attempt to flee or otherwise evade the police *(cf. People v Mack,* 26 NY2d 311, 315, *cert denied* 400 US 960). Thus the arrest can be sustained only by proof that the officer sending the radio transmission actually possessed the requisite knowledge to constitute probable cause and whether the message was actually sent *(People v Havelka,* 45 NY2d 636; *People v Lypka,* 36 NY2d 210).

Defendant, by moving to suppress and thereby challenging the arresting officer's action, voided the presumption of probable cause. The burden then shifted to the People to demonstrate that the sender of the radio dispatch possessed the requisite probable cause to act *(People v Lypka, supra).* The only reference in the record to the source of the radio dispatch was that it was triggered by a burglar alarm. Without producing the sending officer, however, the defendant was prevented from establishing that the information relating to a possible burglary was unreliable or, perhaps, that there was no alarm at all and that the source of information was nothing more than unsubstantiated rumor *(People v Havelka, supra).* It was

incumbent on the People, therefore, to produce the sending officer at the suppression hearing *(People v Havelka, supra; People v Lypka, supra).* Accordingly, the motion should have been granted. (Appeal from judgment of Supreme Court, Monroe County, Davis, J.—burglary, third degree.) Present—Hancock, Jr., J. P., Doerr, Green, O'Donnell and Schnepp, JJ.