■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RONALD MORRIS, Appellant.—

The arresting officer, Officer Wells, learned from a police
radio dispatch that there had been a larceny or robbery at
Pier 1 Imports store and obtained a description of the suspect.
That description was later modified by officers at the scene
who gave Wells a very precise description of the suspect as a
black male, heavily built, about 5 feet, 9 inches, balding with
close-cropped hair, who looked like Marvin Hagler, a well-
known and distinctive-looking professional boxer. The officers
whose description Wells relied on had spoken with store
personnel, had received reliable firsthand information con-
cerning the crime, and had personally observed defendant and
chased him through yards in a certain city block. When Wells
observed defendant in that same block, defendant matched the
description given by officers at the scene, was sweating and
winded, and was climbing over a fence onto a residential
driveway. Despite the fact that Wells identified himself as a
police officer and ordered defendant to stop, defendant at-
tempted to climb back over the fence. Those circumstances
constituted probable cause for the arrest. Defendant's conten-
tion that the People failed to establish probable cause because
they did not present the testimony of the radio dispatcher, the
complainant or the officer with whom Wells conversed at the
scene is unavailing. Where, as here, the arresting officer has
received firsthand information from another officer and has
confirmed that information by his own observations, there is
no need to establish the reliability of the earlier information
independently (see generally, People v Landy, 59 NY2d 369,
373-376; People v Rodriguez, 52 NY2d 483, 491-493; People v
Elwell, 50 NY2d 231, 241; cf., People v Lypka, 36 NY2d 210,
213-214).

We have considered the other arguments raised by defen-
dant and find them lacking in merit. (Appeal from judgment
of Supreme Court, Erie County, Wolfgang, J.—criminal posses-

sion of a weapon, third degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.