■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN M. LOPEZ, Respondent. [615 NYS2d 158] —Order unanimously affirmed. Memorandum: Supreme Court properly granted the motion to suppress physical evidence seized from defendant at the time of his arrest. The People sought to justify the arrest solely on the basis of an outstanding warrant, but failed to produce the warrant at the suppression hearing. As a result, the prosecution failed to meet its burden of showing the legality of the police conduct in the first instance *(see, People v Dodt,* 61 NY2d 408, 415; *People v De Frain,* 204 AD2d 1002; *People v Mercado,* 197 AD2d 898; *but see, People v Szczepanik,* 55 AD2d 702).

The court properly exercised its discretion in denying the People's motion to reopen the suppression hearing. "There was no justification here to afford the People a second chance to succeed where once they had tried and failed" *(People v Bryant,* 37 NY2d 208, 211; *accord, People v Havelka,* 45 NY2d 636, 643).

Because the only evidence supporting the single charge against defendant was suppressed, the court properly granted defendant's motion to dismiss the indictment. (Appeal from Order of Supreme Court, Erie County, Kasler, J.—Suppress Evidence.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.