People v Searight (2018 NY Slip Op 04466)





People v Searight


2018 NY Slip Op 04466


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


642 KA 15-02168

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRUCE SEARIGHT, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ELIZABETH RIKER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 21, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking suppression of statements and tangible property is granted, the indictment is dismissed, and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]), defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking suppression of evidence seized as the result of his allegedly illegal arrest. In his omnibus motion defendant anticipated that the People would claim that his stop, detention and ultimately his arrest were "based upon some bulletin or electronic communication received by the arresting officer," and he "specifically challenge[d] the reliability of any such communication to the arresting officer, including anything conveyed from a police data base." Defendant requested "a hearing on the issue of probable cause to stop or arrest, as well as the reliability and sufficiency of any radio transmission or other direction to investigate [him] or his vehicle."
At the suppression hearing, the People called two Syracuse police officers who testified concerning their stop of the vehicle driven by defendant based upon two traffic infractions, i.e., operating a motor vehicle without a license (Vehicle and Traffic Law § 509 [1]) and failing to signal his intention to turn the requisite distance before turning right at an intersection (§ 1163 [b]). After the stop, the officers obtained information through the New York State Police Information Network (NYSPIN) that a warrant had been issued for defendant in the City of Cortland for felony drug charges. One of the officers communicated with the 911 Center to obtain further information concerning the warrant. The 911 Center reported to him that the Cortland Police Department had confirmed that there was an active warrant and had requested that defendant be held until an officer of that department could take him into custody. The officers placed defendant under arrest based upon the warrant and transported him to the Criminal Investigation Division (CID). At CID one of the arresting officers asked defendant if he had anything illegal on his person and defendant produced two baggies containing cocaine, resulting in the present charges.
We agree with defendant that the court erred in refusing to suppress defendant's statements and tangible property, including the cocaine, seized as the result of his arrest, inasmuch as the People failed to meet their burden of showing the legality of the police conduct in arresting defendant in the first instance (see People v Lopez, 206 AD2d 894, 894 [4th Dept [*2]1994], lv denied 84 NY2d 937 [1994]). "Under the fellow officer' rule, [a] police officer is entitled to act on the strength of a radio bulletin or a telephone or teletype alert from a fellow officer or department and to assume its reliability' " (People v Rosario, 78 NY2d 583, 588 [1991], cert denied 502 US 1109 [1992], quoting People v Lypka, 36 NY2d 210, 213 [1975]). Under those circumstances, the agency or officer transmitting the information presumptively possesses the requisite probable cause to arrest (see id.). However, where, as here, defendant challenges the reliability of the information transmitted to the arresting officers, "the presumption of probable cause disappears and it becomes incumbent upon the People to establish that the officer or agency imparting the information[] in fact possessed the probable cause to act" (id.; see Lypka, 36 NY2d at 214).
The People failed to meet that burden. Despite defendant's explicit challenge to the reliability of the information justifying his arrest (see Rosario, 78 NY2d at 588; People v Ynoa, 223 AD2d 975, 977 [3d Dept 1996], lv denied 87 NY2d 1027 [1996]; cf. People v Fenner, 61 NY2d 971, 973 [1984]), the People did not produce the arrest warrant itself prior to the conclusion of the hearing (see Lopez, 206 AD2d at 894; People v McLoyd, 35 Misc 3d 822, 828 [Sup Ct, NY County 2012]). Instead, the People relied upon the officer's testimony concerning his communications with an unidentified person or persons at the 911 Center and his assumptions about how the 911 Center confirmed the existence of an active and valid warrant. That testimony, however, rested "on a pyramid of hearsay, the information having been passed from" the arresting officer to unidentified persons at the 911 Center and the Cortland Police Department and back to the officer (People v Havelka, 45 NY2d 636, 641 [1978]). "In making an arrest, a police officer may rely upon information communicated to him by another police officer that an individual is the subject named in a warrant and should be taken into custody in the execution of the warrant . . . However, if the warrant turns out to be invalid or vacated . . . [,] or nonexistent . . . , any evidence seized as a result of the arrest will be suppressed notwithstanding the reasonableness of the arresting officer's reliance upon the communication" (People v Lee, 126 AD2d 568, 569 [2d Dept 1987]; see People v Jennings, 54 NY2d 518, 520 [1981]; People v Lent, 92 AD2d 941, 941 [2d Dept 1983]). Here, without producing the arrest warrant itself or reliable evidence that the warrant was active and valid, the People did not meet their burden of establishing that defendant's arrest was based on probable cause (see Lopez, 206 AD2d at 894).
We therefore conclude that the court should have granted that part of defendant's omnibus motion seeking to suppress his statements and tangible property obtained as the result of his illegal arrest, and defendant's guilty plea must be vacated (see People v Stock, 57 AD3d 1424, 1425 [4th Dept 2008]). Because our determination results in the suppression of all evidence supporting the crimes charged, the indictment must be dismissed (see id.).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court