■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK KOPOSESKY, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered January 15, 1965, convicting him of attempted robbery in the third degree, upon his plea of guilty, in satisfaction of two indictments (Nos. 20401 and 20437), and imposing sentence upon him as a second felony offender. The judgment was entered with respect to indictment No. 20437 only. Defendant also seeks a review of an order of said court, which denied without a hearing his motion to suppress evidence and for an inspection of the Grand Jury minutes with respect to indictment No. 20401 only. Although the court's decision on said motion was rendered December 3, 1964, the order thereon was not entered until October 8, 1965. Judgment affirmed. Appeal from order dismissed. The validity of the arrest and seizure are the principal issues raised. On September 29, 1964 defendant and two others, Gergel and Iannone, were charged in indictment No. 20401 with criminally possessing loaded pistols (as a felony) and with possession of burglar's tools (as a felony). That indictment was based on the following facts: On July 29, 1964, at 2:00 A.M., an automobile in which defendant was an occupant, being driven by Gergel, was stopped by an officer on Hempstead Turnpike in Elmont. The officer, after speaking to the driver, called police headquarters to ascertain whether the license plate was on the "hot" list. Upon being informed that the automobile had been stolen in Queens County, the officer called for assistance; and, with his gun drawn, ordered the trio to come out with their hands up. Assistance arrived. A search of the automobile revealed two loaded guns and burglar's tools. These facts were made the basis for a motion to suppress and for an inspection of the Grand Jury minutes on November 4, 1964. The motion was denied without a hearing. Prior thereto and on October 1, 1964, defendant and Gergel were charged in indictment No. 20437 with robbery and grand larceny (both in the first degree), assault in the second degree (2 counts) and criminally possessing a loaded pistol (as a felony). These crimes were alleged to have been committed in the nighttime on February 4, 1964. On December 3, 1964 defendant withdrew his prior plea of not guilty to both indictments and pleaded guilty to attempted robbery in the third degree under indictment No. 20437 (robbery, etc.) in satisfaction of that indictment and of indictment No. 20401. Defendant was thereafter sentenced as above indicated. With respect to the order under review, the statute (Code Crim. Pro., § 813-c) authorizes a review of an order denying a motion to suppress only on an appeal from a *judgment*. The judgment entered herein was with respect to indictment No. 20437. Since the motion to suppress was directed against indictment No. 20401, and since no judgment resulted under that indictment, the requirements of the statute have not been met; hence the order is not appealable. Nor is an order denying a motion to inspect Grand Jury minutes

appealable (*People* v. *Harrell*, 282 App. Div. 1051). We have, nevertheless, reviewed the facts and are of the opinion that the motion was properly denied without a hearing. The arresting officer was authorized to stop the automobile and demand of its occupants the certificate of registration and other information (Vehicle and Traffic Law, § 401, subd. 4; *People* v. *Hoffman*, 24 A D 2d 497; *People* v. *Scianno*, 20 A D 2d 919; *People* v. *Battle*, 12 N Y 2d 866). The temporary detention pending the officer's call to headquarters to determine whether the license plate of the car was on a "hot" list was a proper exercise of police power and did not constitute an arrest (*United States* v. *Vita*, 294 F. 2d 524, 530; *People* v. *Rivera*, 14 N Y 2d 441). Upon being advised by police headquarters that the described automobile was a stolen automobile, the officer had probable cause for the arrest (*Brinegar* v. *United States*, 338 U. S. 160, 175–176). Since the arrest was lawful, the search which followed and which was incidental to the arrest was likewise lawful. (*People* v. *Loria*, 10 N Y 2d 368, 373; *Draper* v. *United States*, 358 U. S. 307, 310–311.) In view of all the facts, the contention that the sentence was excessive is without merit. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.