(April 3, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILBERTO LOPEZ, Appellant.—Judgment of the Supreme Court, New York County (Solomon Katz, J., at *Wade* hearing; Francis Pecora, J., at trial and sentence), rendered on February 25, 1983, convicting defendant, after a jury trial, of two counts each of robbery in the first and second degrees, and one count of assault in the second degree, and sentencing him to concurrent, indeterminate terms of imprisonment of from 5 to 15 years, 3 to 9 years, and 2 to 6 years on the first and second degree robbery counts and the second degree assault count, respectively, is unanimously affirmed.

Defendant and four other men entered John Caro's Bar at 124 Nagle Avenue in Manhattan at approximately 3:20 A.M. on May 3, 1981. The five men displayed guns and robbed the bar and all of its occupants of cash and jewelry. The police were called and a radio transmission was made reporting the crime. The radio report contained the following information: five Cubans robbed the bar, using a black and white Chevrolet bearing license plate number 9332 ADA as the getaway car.

In response to the radio call, two officers proceeded to a Cuban neighborhood in The Bronx and parked their patrol car. Within 10 minutes of their arrival at that location, the Chevrolet described in the radio report was spotted, directly followed by a tan car. The driver of the "getaway" car, later identified as codefendant Jesus, then approached the tan car and had a conversation with the occupants, whereupon defendant and Jesus began walking together on the street. Jesus and defendant were arrested, as well as the two other occupants of the tan car, codefendants Cardenas and Reyes.

Defendant contends that the officers lacked probable cause

167

to arrest. We find defendant's contention to be without merit. A police officer has probable cause to arrest an individual when he is provided with trustworthy information which gives the officer knowledge of facts and circumstances sufficient to warrant a person of reasonable caution to believe that a crime has been committed. (People v Brnja, 50 NY2d 366, 373.) The officers' observation of the getaway car provided probable cause for the arrest of Jesus and, under the aforementioned circumstances, Jesus' contact with defendant provided probable cause for defendant's arrest as well.

The defendant has failed to preserve for appellate review his remaining contention that the officer who sent the radio report should have been called to testify to demonstrate the reliability of the information in the report. No specific challenge to the reliability of the information having been made, the presumption that the radio report was in fact reliable remained in force (see, People v Lypka, 36 NY2d 210, 213-214; People v Jenkins, 47 NY2d 722, 724; People v Reddick, 107 AD2d 721). Concur—Murphy, P. J., Kupferman, Asch, Wallach and Rubin, JJ.