■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK JONES, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J., at hearing, trial and sentence), rendered October 24, 1988, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him as a predicate felony offender to an indeterminate term of from 7 to 14 years imprisonment, unanimously affirmed.

Defendant sold a vial of crack to an undercover officer and was arrested a few minutes later in possession of the pre-recorded buy money. Defendant contends that the court erred in denying his motion to suppress the buy money, because the People failed to call the undercover officer to explain a discrepancy between his appearance at the time of arrest and the description of the seller in the buy report. Without the undercover's testimony, defendant claims that the People failed to establish probable cause. Defendant did not challenge his arrest on this ground at the hearing, and he has therefore failed to preserve the issue for review *(People v Gonzalez,* 55 NY2d 887; *People v Lopez,* 160 AD2d 167). In any event, we have previously held in *People v Mingo* (121 AD2d 307) that the People may establish probable cause through the testimony of the arresting officer in such "buy and bust" cases, where the officer made the arrest acting on information based on the undercover's personal knowledge *(People v Petralia,* 62 NY2d 47). Thus, it was not necessary for the People to call the undercover officer as a witness at the hearing.

Defendant also claims that the prosecutor's alleged failure to disclose the explanation for the error in the buy report constitutes a violation of the spirit of the *Rosario* rule *(People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). Defendant never raised this objection to the undercover's testimony at trial and thus the issue is unpreserved *(People v Baez,* 166

AD2d 256, *lv denied* 77 NY2d 875). We decline to reach the issue in the interest of justice. Were we to do so, we would find the argument to be without merit, as the prosecutor represented on the record that he had apprised both former and present counsel of his conversation with the undercover regarding the error in the buy report long before trial. Concur —Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.