THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JORDAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of second degree robbery for forcibly stealing property and then escaping in a car driven by the co-defendant. Defendant argues that the police

lacked probable cause to stop the car, that the complainant's in-court identification was tainted by an unduly suggestive showup and that his sentence is harsh and excessive. Each contention lacks merit.

The police stopped the car after hearing a radio transmission. The police said the description of the car in which defendant was a passenger matched the description that complainant gave to a police dispatcher immediately following the robbery. Since defendant's challenge to the existence of probable cause for his arrest was directed only to the sufficiency of the description rather than to its reliability, the presumption of probable cause based on the radio transmission remained and the People were not required to present the sending officer or account for the underlying basis of the information *(see, People v Jenkins,* 47 NY2d 722, 724; *People v Lypka,* 36 NY2d 210, 213; *People v Bowdoin,* 89 AD2d 986, 987). The complainant testified at the suppression hearing that he gave the police a detailed description of the car, including the license plate number. This was sufficient to justify a stop of the vehicle by the police and the subsequent arrest of the occupants *(see, People v Lewis,* 165 AD2d 901, 903-904, *lv denied* 76 NY2d 1022; *People v Lopez,* 160 AD2d 167, 168; *People v Jenkins,* 133 AD2d 348, *lv denied* 70 NY2d 800).

The showup was permissible and not unduly suggestive. It occurred promptly after the crime near the crime scene and the complainant positively and unequivocally identified defendant based on his distinctive clothing and appearance *(see, People v Duuvon,* 77 NY2d 541, 544-545; *People v Brnja,* 50 NY2d 366, 372; *People v Plantz,* 161 AD2d 1115, 1116, *lv denied* 76 NY2d 863). The fact that defendant was in custody when identified does not render the showup unduly suggestive *(see, People v Duuvon, supra,* at 545; *People v Jones,* 149 AD2d 970, *lv denied* 74 NY2d 742; *People v Johnson,* 102 AD2d 616, 627, *lv denied* 63 NY2d 776). Moreover, even if the showup was improper, the hearing court properly found that the complainant had an independent basis to support his in-court identification at trial based on his face-to-face daylight confrontation with defendant at the crime scene *(see, People v Sorenson,* 112 AD2d 1016, 1017, *lv denied* 66 NY2d 767; *People v Washington,* 111 AD2d 418, *lv denied* 66 NY2d 768).

Defendant's sentence was considerably less than the maximum and not excessive. (Appeal from Judgment of Erie County Court, Drury, J.—Robbery, 2nd Degree.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.