■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. VACCARO, Appellant. [626 NYS2d 626] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of two counts of burglary in the second degree, one count of grand larceny in the third degree, two counts of criminal mischief in the fourth degree, and one count each of petit larceny and criminal possession of stolen property in the fifth degree. Defendant contends, inter alia, that County Court improperly denied his motion to suppress physical evidence seized from a vehicle in which he was a passenger, that the accomplice testimony was insufficiently corroborated as a matter of law, and that his sentence is unduly harsh or severe.

Defendant and his accomplice were stopped while driving a stolen car that was listed on a "hotsheet" circulated to City of Buffalo police officers. At the suppression hearing, defendant did not challenge the reliability of the information contained on the hotsheet. "A police officer is entitled to act on the strength of a radio bulletin or a telephone or teletype alert from a fellow officer or department and to assume its reliability [citations omitted]" (People v Lypka, 36 NY2d 210, 213). When a defendant challenges a warrantless arrest, it becomes incumbent upon the People to establish that the officer or agency imparting the information in fact possessed probable cause to justify the police conduct (People v Landy, 59 NY2d 369, 375; see also, People v Lypka, supra, at 214). Where, as here, defendant challenged only the sufficiency of the information the police possessed prior to his arrest rather than its reliability, the People were not required to produce the "send-

ing officer" as a witness at the suppression hearing *(People v Jordan,* 178 AD2d 1009, 1010, *lv denied* 79 NY2d 920; *see, People v Dodt,* 61 NY2d 408, 416).

The testimony of the accomplice was sufficiently corroborated by evidence tending to connect defendant with commission of the crimes *(see,* CPL 60.22 [1]). Corroborating evidence need not establish every element of the crime *(People v Cunningham,* 48 NY2d 938, 940; *People v Panaro,* 213 AD2d 1036). The testimony of the victims and that of the accomplice described identical characteristics of the burglaries. The accomplice's testimony was further corroborated by the physical evidence found in the car and on defendant's person.

Defendant's sentence is neither unduly harsh nor severe. Finally, we have considered defendant's remaining contentions, including those raised in defendant's *pro se* supplemental brief, and conclude that they are without merit. (Appeal from Judgment of Erie County Court, LaMendola, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.