■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BROUK AREFAINE, Appellant. [634 NYS2d 332] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the police lacked probable cause to arrest him following the forcible stop of the vehicle in which he was a passenger. Before stopping the vehicle, an officer confirmed that it matched the description and plate number of a vehicle listed on a "hotsheet" that the officer obtained before going on duty. The officer also received a radio message from a fellow officer that the vehicle was taken during an armed robbery the night before. "A police officer is entitled to act on the strength of a radio bulletin or a telephone or teletype alert from a fellow officer or department and to assume its reliability" *(People v Lypka,* 36 NY2d 210, 213; *see also, Whiteley v Warden,* 401 US 560, 568). When a defendant challenges the reliability of that information, it is incumbent upon the People to establish that the sender or provider of the information in fact possessed probable cause for the arrest *(see, People v Rosario,* 78 NY2d 583, 588, *cert denied* 502 US 1109; *People v Landy,* 59 NY2d 369, 375; *People v Lypka, supra).* Defendant asserted a general

objection to the sufficiency of the information in his omnibus motion papers. Because he failed to assert a specific challenge to the reliability of the information either in his motion papers or during the suppression hearing, the People were not required to present evidence that the sender or provider of the information had the requisite probable cause *(see, People v Vaccaro,* 214 AD2d 981, *lv denied* 86 NY2d 742; *People v Jordan,* 178 AD2d 1009, 1010, *lv denied* 79 NY2d 920; *People v Ward,* 95 AD2d 233, 239-240).

We conclude that the sentence imposed upon defendant is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 1st Degree.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.