■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LIONEL DAVIS, Respondent. [716 NYS2d 712] —Appeal by the People from an order of the County Court, Nassau County (De-Riggi, J.), entered January 24, 2000, granting those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement authorities. The appeal brings up for review so much of an order of the same court, entered March 1, 2000, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order entered January 24, 2000, is dismissed, as that order was superseded by the order entered March 1, 2000, made upon reargument; and it is further,

Ordered that the order entered March 1, 2000, is reversed insofar as reviewed, on the law, the order entered January 24, 2000, is vacated, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities are denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

Upon observing the driver of a vehicle and the defendant in the front passenger seat without seat belts driving "uncomfortably close" to the patrol car, the police officers ran a computer check on the vehicle which revealed that it was stolen. Contrary to the finding made by the Supreme Court, that information provided the police officers with probable cause to arrest the defendant (*see, People v Shepherd,* 239 AD2d 445; *People v Vaccaro,* 214 AD2d 981; *People v Koposesky,* 25 AD2d 777; *see also, People v Roby,* 39 NY2d 69; *Matter of Antonio R.,* 186 AD2d 200), and to search the defendant's person incident to the arrest (*see, People v Koposesky, supra*). As a result, it was error to suppress the voluntary statements made by the defendant at the precinct as the "fruit of the poisonous tree".

The defendant did not challenge the reliability of the computer information possessed by the police officers. As a result, that information is presumed reliable, and any claim that the People failed to produce the "sending officer" is unpreserved for appellate review (*see, People v Landy,* 59 NY2d 369, 375; *People v Lypka,* 36 NY2d 210, 213; *People v Vaccaro, supra*; *People v Ward,* 95 AD2d 233, 236-237). Moreover, under these circumstances, it was error for the Supreme Court to base its suppression determination on the People's failure to produce the "sending officer." Friedmann, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.