■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered July 17, 1984, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, the plea is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Approximately four days prior to October 28, 1983, an unidentified male informed Police Officer Falzarano that he had been robbed by five black males in leather jackets and that the perpetrators regularly "hung out" in front of a housing project on the corner of 160th Street and 107th Avenue in Queens. No official report of this alleged robbery was ever filed with the police department. The officer never obtained the name and address of the purported victim, who was reluctant to file a complaint.

On October 28, Officer Falzarano and his two partners, dressed in plain clothes, were on patrol in an unmarked radio car. At approximately 8:45 P.M., Officer Falzarano observed the defendant standing on the corner of 160th Street and 107th Avenue with a group of at least five other black males. Almost everyone in the group was wearing a dark leather jacket. When the unmarked radio car stopped at the corner and the plain-clothes officer exited the vehicle, the defendant and everyone else on the corner, a total of between 5 to 8 persons, ran away. Officer Falzarano stopped the defendant and patted down his waistband, but did not find a weapon. Officer Infante then informed Officer Falzarano that the defendant was one Andre White and he believed that there was an outstanding warrant for the arrest of Andre White upon a

charge of attempted murder. Based upon this information, Officer Falzarano placed the defendant in the back seat of the radio car and transported him to the police station. At the station house, a further search of the defendant revealed a packet in his jacket pocket containing cocaine. It was subsequently discovered that the defendant was not Andre White. At the suppression hearing, the prosecution never produced a warrant for the arrest of Andre White nor elicited testimony to establish that such a warrant had been validly issued and was outstanding at the time of the defendant's arrest.

The arrest of a person who is mistakenly thought to be someone else is valid if the arresting officer (a) has probable cause to arrest the person sought and (b) reasonably believed the person arrested was the person sought (see, Hill v California, 401 US 797, 802; United States v Glover, 725 F2d 120, 122). In making an arrest, a police officer may rely upon information communicated to him by another police officer that an individual is the subject named in a warrant and should be taken into custody in the execution of the warrant (see, Whiteley v Warden, 401 US 560; People v Jennings, 54 NY2d 518). However, if the warrant turns out to be invalid or vacated (see, People v Jennings, supra) or nonexistent (see, Gilchrist v United States, 300 A2d 453, 455 [DC App]), any evidence seized as a result of the arrest will be suppressed notwithstanding the reasonableness of the arresting officer's reliance upon the communication (see, People v Jennings, supra). Since the prosecution in this case failed to establish the existence of a validly issued arrest warrant for Andre White or probable cause to arrest Andre White, a lawful arrest of the defendant cannot be predicated upon the arresting officer's mistaken belief that the defendant was Andre White. Furthermore, the mere fact that the defendant and his companions fit the meager general description of the perpetrators of a robbery that had purportedly occurred several days prior to the seizure of the defendant, which information emanated from a weak anonymous source (see, People v Francis, 108 AD2d 322, 324; People v Richardson, 114 AD2d 473; cf. People v Green, 35 NY2d 193, 195), does not suffice to establish probable cause to arrest the defendant as one of the perpetrators (see, People v La Pene, 40 NY2d 210; People v Riddick, 110 AD2d 787; People v Olsen, 93 AD2d 824; People v Gordon, 87 AD2d 636). When first observed by Officer Falzarano, the defendant and the other persons congregating on the corner in front of a housing project were not engaged in any suspicious behavior indicating criminal activity (see, People v Lane, 102

AD2d 829). Although the entire group took flight as soon as the plain-clothes officers exited their unmarked car, the additional factor of flight can be determinative of the existence of probable cause only when it is accompanied by additional indicia of criminality pointing to the defendant as having committed or committing a crime (see, People v Howard, 50 NY2d 583, 592; People v Torres, 115 AD2d 93, 97-98). The defendant's flight was, under the particular circumstances of this case, too remote in time from the date of the purported robbery to create probable cause to arrest the defendant as one of the perpetrators. Absent probable cause, the police may not, as in this case, seize a suspect, transport him to a police station and detain him for custodial interrogation, without the suspect's consent (see, Dunaway v New York, 442 US 200; Matter of Ronald C., 107 AD2d 1053; cf. People v Lane, supra). Since the seizure of the defendant was illegal, the court erred in denying that branch of the defendant's omnibus motion which was to suppress the cocaine seized from his pocket, during a search at the station house, as the fruit of an illegal arrest. Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.