■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BOONE, Appellant. [704 NYS2d 265] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered August 10, 1992, convicting him of robbery in the first degree, robbery in the second degree, burglary in the first degree, and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of burglary in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress the jewelry seized incident to his arrest. In making an arrest, a police officer may rely upon information communicated by a fellow officer that an individual is the subject named in an outstanding warrant (*see, People v Jennings,* 54 NY2d 518, 522). At the suppression hearing, the detective who arrested the defendant testified in detail regarding information he received from the Operations Unit of the Police Department about the issuance of a warrant for the defendant's arrest. The detective's testimony established the existence of a validly-issued and outstanding warrant, pursuant to which he arrested the defendant. Thus, the People met their burden of demonstrating the legality of the police conduct (*see, People v Jennings, supra*; *cf., People v Lee,* 126 AD2d 568). Since the defendant failed to challenge the reliability of the information conveyed to the detective or the validity of the warrant, the presumption of probable cause remained and the People were not required to make a further evidentiary showing by producing the arrest warrant (*see, People v Jenkins,* 47 NY2d 722; *People v McCloud,* 182 AD2d 835; *People v Szczepanik,* 55 AD2d 702; *but see, People v Lopez,* 206 AD2d 894).

The defendant waived any objection to the Supreme Court's erroneous charge on burglary in the first degree by acquiescing in the charge (*see, People v Ford,* 62 NY2d 275). After the

prosecutor objected to the instruction and the Supreme Court refused to correct its error, the defense counsel specifically stated that he had no objection to the charge. Contrary to the defendant's contention, the error did not constitute a nonwaivable jurisdictional defect (*see, People v Udzinski,* 146 AD2d 245; *see also, People v Ford, supra*).

The defendant correctly contends that his conviction of burglary in the second degree (*see,* Penal Law § 140.25 [2]) must be vacated since that offense is a lesser-included concurrent count of the crime of burglary in the first degree (*see,* Penal Law § 140.30 [4]; *People v Skinner,* 211 AD2d 979). Joy, J. P., Altman, Goldstein and Schmidt, JJ., concur.