OPINION OF THE COURT
Gustin L. Reichbach, J.
The defendant, Ramel Harrison, was indicted by a Kings County Grand Jury on October 18, 2000 and charged with the crimes of assault (in the first, second and third degrees) and criminal possession of a weapon (in the second, third and fourth degrees).
On March 22, 2001, the Court conducted a combined Dunaway / Huntley /Wade hearing. The Court makes the following findings of fact and conclusions of law.
Findings of Fact
The sole witness to testify at the hearing was Police Officer Germain McCain, from the 73rd Precinct in Brooklyn. Officer McCain testified in a straightforward and entirely credible manner and the Court credits his testimony.
Officer McCain testified that on October 6, 2000, at approximately 8:30 p.m., he was canvassing in the area of 216 Rockaway Avenue in connection with an unrelated robbery. In the patrol car with Officer McCain was Detective Carl and Sergeant Lott from the 73rd robbery apprehension module. They observed a group of individuals, including the defendant, involved in a dice game. The officers exited their vehicle and approached the group. Sergeant Lott informed Officer McCain that the defendant was wanted on a past assault and directed him to place the defendant under arrest. After arresting the defendant and transporting him back to the precinct, Officer McCain reviewed the case detective’s (Detective Schindler) file and, as a consequence, contacted the complainant John McMillan.
At approximately 1:00 a.m. on October 7, 2000, the complainant came to the precinct and indicated to Officer McCain that he had known his assailant for approximately three years. Officer McCain then arranged for the complainant to look through a two-way mirror into a room at the precinct where the defendant was seated alone. The complainant identified the defendant as the person who shot him.
*931 About 45 minutes later, the officer interviewed the defendant after first reading him his Miranda rights. The defendant executed a Miranda form, then made an oral statement in which he initially said he had been involved in a dice game with the complainant in which he, the defendant, had lost around $200. After his request for a $20 loan from the complainant was refused, the defendant indicated he went upstairs to get more money and then heard shots. At the conclusion of this statement, the officer informed the defendant that the victim had identified him as the shooter. At that point, the defendant hung his head, announced “You got me,” gave a second statement and agreed to make a written statement in which he admitted he was the shooter.
At 9 o’clock that evening, the defendant was allowed to make a call to his mother, while Officer McCain stood next to him. In that phone conversation, the defendant indicated, “They got me for a shooting at a dice game.”
At the conclusion of the hearing, defendant’s counsel moved to suppress all statements, as well as the “confirmatory” station house identification on the basis that the People had failed to establish probable cause for the arrest of the defendant. The District Attorney, at that point, sought to recall Officer McCain for the purpose of testifying as to the contents of the case folder which the officer had reviewed after bringing the defendant back to the 73rd Precinct. The Court had initially sustained an objection to the officer testifying about the contents of that folder, but based on the People’s argument that this testimony would reveal the basis of Sergeant Lott’s knowledge for his claim that the defendant was wanted, the Court granted the People’s application. After a brief recess, the District Attorney, who had an opportunity to confer with Officer McCain, indicated that he would not be recalling the officer but requested an adjournment for the purpose of calling Sergeant Lott as a witness.
The defense vigorously objected to this application and the Court reserved decision.
Conclusions of Law
In the instant case it is indisputable that Officer McCain had absolutely no personal knowledge of the basis for probable cause to arrest the defendant. Rather, the arresting officer in the instant case relied entirely on the information provided by Sergeant Lott, to wit: the bare-bones statement that the defendant was wanted on a past assault. Clearly Officer McCain was *932 operating under the fellow officer rule as he arrested the defendant pursuant to the direction of another officer who presumably had probable cause. (People v Brnja, 50 NY2d 366 [1980].) Clearly, the arrest could be lawful only if Sergeant Lott had information sufficient to constitute probable cause to arrest the defendant. (People v Dorta, 244 AD2d 566 [2d Dept 1997].) Under the fellow officer rule, Officer McCain was entitled to assume that Sergeant Lott had probable cause based on reliable and accurate information. (People v Landy, 59 NY2d 369 [1983].) Pursuant to this rule, Sergeant Lott’s knowledge is imputed to Officer McCain. (People v Lypka, 36 NY2d 210 [1975].)
In People v Parris (83 NY2d 342 [1994]), the Court of Appeals clarified that the fellow officer rule requires the People to satisfy their burden of going forward to establish probable cause by proving that the source of the information, in this case, Sergeant Lott, was reliable, which he clearly is, and, further, that Sergeant Lott had a sufficient basis of knowledge to establish that there was probable cause for the arrest.
In Parris, two officers arrived at the scene and were met by a third officer who told them that a neighbor, characterized by the third officer as an eyewitness, had given him a detailed description of the perpetrator. The first two officers canvassed the area and arrested the defendant, who fit the description. The Court of Appeals held that the People had failed to establish a sufficient basis of knowledge to provide probable cause. Despite the third officer’s characterization of the neighbor as an eyewitness, there was no explanation as to how the neighbor knew the defendant had committed the crime.
At the suppression hearing there was absolutely no evidence presented to demonstrate Sergeant Lott’s basis of knowledge that the defendant was wanted on a past assault. To overcome this deficiency, the People claim that the defendant waived this requirement by failing to specifically challenge the reliability of the information possessed by Sergeant Lott.
In the first instance, it is difficult to ascertain how precisely the defendant could have challenged the reliability of the information possessed by Sergeant Lott since he was never called as a witness. To the extent that the People argued that the defendant failed to inquire of Police Officer McCain about the basis for the Sergeant’s knowledge, such a holding would, in these circumstances, shift the burden of coming forward from the People to the defendant. When at the conclusion of the hearing a specific challenge was made to the basis of *933 knowledge required to establish probable cause, the People were given an opportunity to recall Police Officer McCain to elicit from him the basis of Sergeant Lott’s knowledge. After conferring with the officer, the People declined to call Officer McCain in rebuttal.
While it is true that Sergeant Lott’s knowledge is imputed to Officer McCain, “on a motion to suppress, the challenged police conduct can be sustained only by proof that the sender actually possessed the requisite knowledge.” (People v Havelka, 45 NY2d 636, 641 [1978].) Similarly, the Second Department has held that while information conveyed from the police to the arresting officer “furnishes prima facie probable cause, such a presumption disappears when challenged by a suppression motion and the People are required to demonstrate that the sender ha[s] probable cause.” (People v Gunter, 158 AD2d 541, 542 [2d Dept 1990].) The People’s position does not find support from People v McCloud (182 AD2d 835 [2d Dept 1992]) and People v Cohen (210 AD2d 343 [2d Dept 1994]) since both cases involved hearings where the reliability of the sender’s information was never specifically challenged.
While the People principally rely on People v Boone (269 AD2d 459 [2d Dept 2000]), that case is inapplicable. In Boone, the arresting officer testified in detail regarding the issuance of the warrant and his testimony established the existence of a valid outstanding warrant. Here, by contrast, no detail of any kind was provided for the basis of Sergeant Lott’s knowledge.
Having failed to establish probable cause for the defendant’s arrest at the initial suppression hearing, the Court must now determine whether the People should be afforded a second opportunity to demonstrate the basis for Sergeant Lott’s knowledge by reopening the suppression hearing. The People’s reliance on People v Dawson (115 AD2d 611 [2d Dept 1985]) and People v Williams (260 AD2d 513 [2d Dept 1999]) is misplaced. Unlike Dawson, the reliability of Officer McCain’s information is not an issue, since clearly Sergeant Lott is a reliable source. What is at issue is the basis for Sergeant Lott’s knowledge that the defendant was wanted on a past assault. The People in the instant case were given the opportunity to recall Police Officer McCain to elicit from him the basis for Sergeant Lott’s information, which, while hearsay, would have been admissible in establishing probable cause. (People v Parris, supra.) The People declined to recall the officer. Thus, the People were afforded an opportunity at the initial suppression hearing to show the basis for Sergeant Lott’s knowledge and failed to do so.
*934 Similarly, People v Williams (260 AD2d 513 [2d Dept 1999]) provides no support for the People’s position, for in that case the trial court had exercised its discretion to expand the scope of the hearing to include a Dunaway issue not previously anticipated by the parties. Thus, in those circumstances, the Appellate Division held it was appropriate to give the People an opportunity to reopen the hearing since, unlike this case, they couldn’t anticipate that probable cause would be an issue. In the hearing at which Officer McCain testified, all the parties knew that the Dunaway/probable cause issue was involved.
While the Court had initially sustained an objection to permitting Officer McCain to testify about the contents of the case detective’s file which he later saw at the precinct after he had arrested the defendant, upon a representation from the Assistant District Attorney that such a file would have revealed the basis for Sergeant Lott’s knowledge, the Court reversed itself and expressly invited the People to recall Officer McCain, which they declined to do. Thus, the facts are similar to those presented in People v Robinson (100 AD2d 945 [2d Dept 1984]) where the trial court’s reopening of the hearing to present additional testimony was deemed improper on appeal.
Since it is obvious that the People declined to recall Officer McCain because they ascertained that he could not establish the basis for Sergeant Lott’s knowledge, it is hard to divine how defense counsel lulled the People into failing to present necessary evidence by defendant’s failure to challenge Officer McCain’s knowledge about the basis for Sergeant Lott’s information.
Finally, the People argue that subsequent to the defendant’s arrest, Officer McCain obtained probable cause when he reviewed the case detective’s file and thus the initial illegality was attenuated. This argument is, of course, without support in the record or in the law.
Since the People declined to recall the officer to testify about the contents of the file, their attempt in the instant motion papers to spread before the Court, the information contained in that file is without evidentiary basis in the record. Similarly, their attempt to justify the arrest by relying upon a “confirmatory” identification of the defendant in the police station some five hours later is similarly misplaced. The police station identification procedure, which occurred as a direct result of the arrest of the defendant, can only be sustained if the defendant’s arrest was properly based on probable cause.
For the above reasons, the Court finds that the People have failed to provide a sufficient basis to establish probable cause *935 for the arrest of the defendant and having been given an opportunity at the original hearing to recall the testifying officer to provide such a basis, will not be given a second opportunity to call Sergeant Lott. Based on the foregoing, the subsequent identification and statements of the defendant are suppressed.