■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEAL BRINSON, Appellant. [827 NYS2d 51]—

Judgment, Supreme Court, Bronx County (John A. Barone, J.), rendered January 11, 2005, convicting defendant, after a jury trial, of reckless endangerment in the first degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent terms of 2½ to 5 years and 1 year, respectively, unanimously modified, on the law and the facts, to the extent of reducing the reckless endangerment conviction to reckless endangerment in the second degree and reducing the sentence on that conviction to a term of one year, and otherwise affirmed.

The verdict convicting defendant of reckless endangerment in the first degree was based on legally insufficient evidence and was against the weight of the evidence. Defendant's actions of leading the police on a brief high-speed chase, half of which occurred on an empty street, and then, upon encountering heavy traffic, trying to force his way through the traffic at a slow rate of speed, while beeping his horn and flashing his high beams, failed to evince a depraved indifference to human life, as required for a conviction of reckless endangerment in the first degree (*see* Penal Law § 120.25; *People v Feingold*, 7 NY3d 288 [2006]; *People v France*, 57 AD2d 432 [1977]). However, we do find that the evidence establishes that defendant acted recklessly, and that his actions "create[d] a substantial risk of serious physical injury" to other drivers (Penal Law § 120.20). Concur—Tom, J.P., Marlow, Williams, Catterson and Malone, JJ.