■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HAGOOD, Appellant. [940 NYS2d 261]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered June 16, 2009, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fifth degrees, reckless endangerment in the second degree and resisting arrest, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of 7½ years, unanimously affirmed.

The court properly denied defendant's suppression motion.

Defendant only raised credibility issues at the suppression hearing, and he did not make any of the legal claims he raises on appeal. Furthermore, the court did not "expressly decide[ ]" these issues "in re[s]ponse to a protest by a party" (CPL 470.05 [2]; *see People v Colon*, 46 AD3d 260, 263 [2007]). Accordingly, defendant did not preserve these claims, and we decline to review them in the interest of justice. As an alternative holding, we find that the police lawfully arrested defendant and conducted a lawful search incident to that arrest.

The police observed defendant riding his bicycle on a sidewalk, in violation of Administrative Code of the City of New York § 19-176 (b). When an officer attempted to issue a summons, defendant angrily refused to stop. Defendant continued to ride rapidly on the crowded sidewalk, causing pedestrians to quickly get out of his way. When he was finally stopped, he threatened the officer by raising his fists.

We need not decide whether an arrest, and a search incident to that arrest, were justified by the Administrative Code violation itself (*see e.g. People v Lewis*, 50 AD3d 595 [2008], *lv denied* 11 NY3d 790 [2008]), or by the violation coupled with defendant's flight to avoid a summons (*see e.g. People v Henry*, 181 Misc 2d 689 [Sup Ct, Queens County 1999]). The circumstances objectively provided probable cause to arrest defendant for several crimes. Probable cause does not require proof beyond a reasonable doubt. Defendant's conduct went beyond merely riding on the sidewalk; he endangered pedestrians to an extent that warranted an arrest for reckless endangerment in the second degree. Defendant's belligerent conduct toward the officer also provided probable cause to arrest him for obstructing governmental administration and menacing. Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.