*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: May 14, 2015          105007
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

       v                           MEMORANDUM AND ORDER

VINCENT HARRIS,
                    Appellant.
_____

Calendar Date: March 23, 2015

Before: McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

Eugene P. Grimmick, Troy, for appellant.

Joel E. Abelove, District Attorney, Troy (Vincent J. O'Neill of counsel), for respondent.

_____

Devine, J.

Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered March 2, 2012, upon a verdict convicting defendant of the crimes of reckless endangerment in the second degree and reckless driving.

In the spring of 2011, David Kadio became a suspect in a string of burglaries and was placed under electronic and physical surveillance by investigators from various law enforcement agencies. Defendant is Kadio's uncle and, on June 2, 2011, the two men drove to the Town of Schodack, Rensselaer County. Kadio attempted to burglarize a residence upon their arrival, but was caught in the act by an investigator who was tailing them. Kadio fled in a vehicle driven by defendant, and the two were apprehended after a chase.

Defendant and Kadio were thereafter charged in an indictment with numerous offenses. Kadio entered into a plea agreement that obliged him to testify against defendant at trial. Following that jury trial, defendant was found guilty of reckless endangerment in the second degree and reckless driving as the result of his actions during the chase. County Court sentenced defendant to an aggregate jail term of one year, and he now appeals.

We affirm. Defendant initially asserts that the verdict was against the weight of the evidence, a claim that requires us to review "the sufficiency of the evidence relating to each element of the charged crime[s]" (People v Butler, 126 AD3d 1122, 1122 n [2015]; see People v Danielson, 9 NY3d 342, 349 [2007]). The testimony of two State Police investigators who attempted to stop defendant during the chase, Thomas Jensen and John Dorn, are of particular relevance to that review. Jensen testified that he drove into defendant's lane of traffic to force him into a ditch. Defendant, who did not have a driver's license, left the road and drove past Jensen's vehicle on the shoulder. Defendant then encountered Dorn, who had blocked a significant portion of the road with his vehicle and, in an effort to cover the remaining part of the road, exited his vehicle and drew his weapon. Defendant swerved toward Dorn at a high rate of speed, forcing him to scramble out of the way, and then proceeded around his vehicle. Defendant offered a different version of events but, according deference to the credibility determinations of the jury, the foregoing amply establishes that he recklessly created a substantial risk of injury to Dorn and unreasonably endangered users of a public highway (see People v Earley, 121 AD3d 1192, 1193-1194 [2014]; People v Brinson, 36 AD3d 418, 418 [2007]; see also People v Chaney, 163 AD2d 617, 618-619 [1990], lv denied 76 NY2d 892 [1990]). Thus, we cannot say that the verdict was against the weight of the evidence.

Next, defendant argues that the People impermissibly altered their theory of the case at trial. Defendant specifically points to the reckless driving count of the indictment, which asserted that he "dr[o]ve his vehicle at speeds in excess of 55 miles per hour in the wrong lane and then onto the shoulder of the road." The People amplified their

allegations in a bill of particulars by asserting that defendant had nearly struck a law enforcement officer during the chase. The People relied upon those acts at trial and, suffice it to say, defendant was provided "with fair notice of the accusations against him and the People's theory at trial was the same in all material respects to that charged in the indictment" (People v Osinowo, 28 AD3d 1011, 1013 [2006], lv denied 7 NY3d 792 [2006]; see People v Charles, 61 NY2d 321, 327-329 [1984]).

Defendant lastly contends that he received the ineffective assistance of counsel. He notes one purported error in support of that contention, namely, the failure of defense counsel to object to the admission of a photograph depicting the scene as defendant approached Dorn. Dorn testified that the photograph was taken on the same day as the crime and that it accurately represented where he and his vehicle were when the crime occurred. Even accepting the assertion of defendant that an accurate representation of the scene somehow prejudiced him, it remains doubtful that any objection by defense counsel would have succeeded (see People v Wood, 79 NY2d 958, 960 [1992]; People v Hampton, 64 AD3d 872, 875 [2009], lv denied 13 NY3d 796 [2009]). This is accordingly not the "exceptional case[] in which an error is so clear-cut, egregious and decisive that it will overshadow and taint the whole of the representation" (People v Blake, 24 NY3d 78, 81 [2014]; see People v Vasquez, 20 NY3d 461, 468 [2013]). The true question is whether the record as a whole reveals that defendant received meaningful representation and, inasmuch as it does, we perceive no reason to disturb the judgment of conviction (see People v Blake, 24 NY3d at 81; People v Griffin, 122 AD3d 1068, 1070-1071 [2014]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court