■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE RICHARDS, Also Known as ANTOINE RICHARDS, JR., Appellant. [57 NYS3d 803]—

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered September 8, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the omnibus motion seeking to suppress physical evidence are granted, the indictment is dismissed, and the matter is remitted to Livingston County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We agree with defendant that County Court erred in denying that part of his omnibus motion seeking to suppress physical evidence found on his person.

The evidence at the suppression hearing established that defendant was a passenger in a vehicle that was stopped for a violation of the Vehicle and Traffic Law. The sheriff's deputy conducting the stop learned that the driver did not have a valid driver's license and placed the driver under arrest for aggravated unlicensed operation of a motor vehicle in the first degree (see § 511 [3]). In checking defendant's "data," the deputy learned that defendant also did not have a valid driver's license and that there was a warrant for defendant from the Elmira Police Department. The deputy took defendant into custody on the warrant and conducted a pat-down search of defendant, which yielded cocaine and other evidence. When questioned by defense counsel about the warrant, the deputy admitted that, at no time did he confirm the status of the warrant or determine whether the warrant was "still valid." The deputy testified, however, that, in situations where there is a passenger and there is no warrant, he would either call for someone to pick up the person or drive the person to a gas station or residence. If he were going to transport the person, the deputy would "pat the person down before putting them in [his] car to transport" that person somewhere. After the court refused to suppress the physical evidence, defendant entered his plea.

Defendant now contends that the search of his person was not a lawful search incident to an arrest on a warrant because the People failed to meet their burden of establishing the existence of a valid and outstanding warrant (see generally People v Jennings, 54 NY2d 518, 522 [1981]). Contrary to the People's contention, defendant challenged the validity of the warrant at the hearing and, therefore, his contention is preserved for our review (cf. People v Ebron, 275 AD2d 490, 491 [2000], lv denied 95 NY2d 934 [2000]; People v Boone, 269 AD2d 459, 459 [2000], lv denied 95 NY2d 850 [2000], denied upon reconsideration 95

NY2d 961 [2000]). We also note that the People, in response to defendant's suppression motion, asserted that the deputy arrested defendant after learning about the warrant.

In any event, we cannot address the merits of the People's contention that the search was a lawful search incident to an arrest on a warrant inasmuch as the court did not rule on that issue and, therefore, that " 'issue was not determined adversely to defendant' " (*People v Lee*, 96 AD3d 1522, 1526 [2012]; *see People v Concepcion*, 17 NY3d 192, 194-195 [2011]; *People v LaFontaine*, 92 NY2d 470, 472-474 [1998], *rearg denied* 93 NY2d 849 [1999]; *cf. People v Garrett*, 23 NY3d 878, 885 n 2 [2014], *rearg denied* 25 NY3d 1215 [2015]). In denying suppression of the physical evidence, the court stated it did not find "any problems with the protocol that was followed. [The deputy] has got an unlicensed driver, so obviously he has an obligation to check the other individual to see if he can drive the vehicle. He is also unlicensed; suspended. It is a pat-down, safety pat-down." At no time did the court determine that defendant was subjected to a lawful search incident to arrest.

We agree with defendant that the court erred in upholding the search on the ground that it was a lawful "safety pat-down." There was no evidence in the record of the hearing to support a conclusion that "defendant had a weapon or was a threat to [the deputy's] safety" (*People v Driscoll*, 101 AD3d 1466, 1468 [2012]; *see People v Ford*, 145 AD3d 1454, 1456 [2016], *lv denied* 29 NY3d 997 [2017]). Moreover, "[a]lthough a police officer may reasonably pat down a person before he [or she] places [that person] in the back of a police vehicle, the legitimacy of that procedure depends on the legitimacy of placing [the person] in the police car in the first place" (*People v Kinsella*, 139 AD2d 909, 911 [1988]; *see People v Rosa*, 30 AD3d 905, 908 [2006], *lv denied* 7 NY3d 851 [2006]; *People v Hollins*, 248 AD2d 892, 894 [1998]). Here, the People failed to establish the legitimacy of placing defendant in the patrol vehicle. First, the People failed to establish "the existence of a validly-issued and outstanding warrant" (*Boone*, 269 AD2d at 459). Once defendant challenged the validity of the warrant by questioning the deputy concerning the status of the warrant and whether it was still valid, the People were "required to make a further evidentiary showing by producing the . . . warrant" (*id.*). The People did not do so. Thus, without establishing the existence of a valid and outstanding warrant, the People failed to establish the legitimacy of placing defendant in the patrol vehicle (*see Jennings*, 54 NY2d at 522-523). Although defendant, who did not have a valid driver's license, could not have driven the stopped vehicle

from the scene after the arrest of the driver, the deputy testified that, in the absence of a warrant, defendant could have called for someone to pick him up and therefore could have lawfully refused to be transported away from the scene in the patrol vehicle.

In light of our conclusion that the court should have granted those parts of defendant's omnibus motion seeking to suppress physical evidence obtained as a result of the illegal search of defendant's person, defendant's guilty plea must be vacated (*see People v Stock*, 57 AD3d 1424, 1424 [2008]). Further, because our conclusion results in the suppression of all evidence in support of the crime and violation charged, the indictment must be dismissed (*see id.* at 1425). We therefore remit the matter to County Court for proceedings pursuant to CPL 470.45. Present—Smith, J.P., Lindley, DeJoseph, NeMoyer and Curran, JJ.