The People of the State of New York, Respondent, 
against
Master Hawkins, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Alexander M. Tisch, J.), rendered August 15, 2013, convicting him, upon his plea of guilty, of reckless endangerment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Alexander M. Tisch, J.), rendered August 15, 2013, affirmed. 
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of reckless endangerment in the second degree (see Penal Law § 120.20). The deponent police officer's allegations that he "observed the defendant go through several red lights on his bicycle on Broadway, specifically at 149th, 150th, and 151st Streets, without stopping" and that defendant "weav[ed] in and out between traffic," causing "several motor vehicles [to] have to slow down to avoid hitting the defendant," were sufficient for pleading purposes to establish that defendant "recklessly engage[d] in conduct which create[d] a substantial risk of serious physical injury" to other drivers and pedestrians (Penal Law § 120.20; see People v Hagood, 93 AD3d 533 [2012], lv denied 19 NY3d 973 [2012]; People v Brinson, 36 AD3d 418 [2007]; see also People v Asaro, 21 NY3d 677 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 24, 2017