People v Dortch (2020 NY Slip Op 04711)





People v Dortch


2020 NY Slip Op 04711


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


685 KA 18-01289

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BERNARD DORTCH, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, SULLIVAN & CROMWELL LLP, NEW YORK CITY (JULIA A. MALKINA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered April 16, 2018. The judgment convicted defendant, after a nonjury trial, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is reversed on the law, those parts of the omnibus motion seeking to suppress physical evidence and statements are granted, the indictment is dismissed, and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We agree with defendant that Supreme Court erred in refusing to suppress the physical evidence found on his person and his subsequent statements to the police.
In his omnibus motion, defendant sought to suppress that evidence on various grounds. Specifically, he asserted that the police did not possess probable cause or reasonable suspicion to stop him, inasmuch as the police misidentified him as his brother. Defendant also asserted that "[n]o arrest warrant or search warrant had been issued against [him]." Furthermore, defendant "specifically challenge[d] both the reliability and sufficiency of hearsay information" relied on by the arresting officers.
At the suppression hearing, the People called three Rochester police officers. One of the officers testified that he observed defendant standing on the sidewalk in the City of Rochester and mistakenly identified defendant for defendant's brother. That officer and another officer testified that defendant and his brother look alike and share the same general physical characteristics. One of the officers testified that defendant's brother had two outstanding arrest warrants, and that officer informed his fellow officers of the warrants. According to the officers' testimony, the police then approached defendant, who fled on foot. The police eventually apprehended defendant and placed him under arrest based upon the arrest warrants issued for defendant's brother. The officers then searched defendant's person and found a loaded revolver in his jacket pocket and, after waiving his Miranda rights, defendant made statements admitting to his possession of the handgun.
We agree with defendant that, under the circumstances of this case, the People failed to meet their burden of establishing the existence of the alleged valid and outstanding warrants justifying the stop and search of defendant (see generally People v Jennings, 54 NY2d 518, 520 [1981]). It is well settled that, although "a defendant who challenges the legality of a search and seizure has the burden of proving illegality, the People are nevertheless put to the burden of going forward to show the legality of the police conduct in the first instance" (People v Berrios, [*2]28 NY2d 361, 367-368 [1971] [internal quotation marks and emphasis omitted]).
As relevant to this appeal, " [t]he arrest of a person who is mistakenly thought to be someone else is valid if the arresting officer (a) has probable cause to arrest the person sought, and (b) reasonably believed the person arrested was the person sought' " (People v Tejada, 270 AD2d 655, 657 [3d Dept 2000], lv denied 95 NY2d 805 [2000]). The " reasonableness of the arresting officers' conduct must be determined by considering the totality of the circumstances surrounding the arrest' " (id.). Thus, to establish a lawful arrest of defendant, the People were required to establish the existence of a validly issued arrest warrant for defendant's brother or probable cause to arrest him (see People v Lee, 126 AD2d 568, 569-570 [2d Dept 1987]) and, here, the People concede that the police arrested defendant based only upon the arrest warrants issued for defendant's brother.
Contrary to the People's position and the dissent's assertion, we conclude that defendant challenged the existence and validity of the arrest warrants for his brother by questioning the police witnesses at the suppression hearing concerning the status of the arrest warrants and whether they were still valid (see People v Richards, 151 AD3d 1717, 1718-1719 [4th Dept 2017]; cf. People v Boone, 269 AD2d 459, 459 [2d Dept 2000], lv denied 95 NY2d 850 [2000], reconsideration denied 95 NY2d 961 [2000]). Notably, the court acknowledged and "accept[ed] that the [d]efendant [was] in fact contesting the validity of [the] warrants." Once defendant challenged the existence and validity of the arrest warrants, the People were " required to make a further evidentiary showing by producing the . . . warrant[s]' " (Richards, 151 AD3d at 1719), or "reliable evidence that the warrant[s were] active and valid" (People v Searight, 162 AD3d 1633, 1635 [4th Dept 2018]). Here, the People failed to meet their burden inasmuch as they failed to produce the arrest warrants themselves or other reliable evidence that the warrants were active and valid (see id.; People v Lopez, 206 AD2d 894, 894 [4th Dept 1994], lv denied 84 NY2d 937 [1994]; cf. Boone, 269 AD2d at 459). The dissent's reliance on the officers' testimony alone is misplaced and not supported by the case law.
Thus, inasmuch as the People failed to meet their burden of showing the legality of the police conduct in arresting defendant in the first instance, we conclude that the court erred in refusing to suppress the physical evidence seized and defendant's subsequent statements. Because our determination results in the suppression of all evidence supporting the crime charged, the indictment must be dismissed (see Searight, 162 AD3d at 1635; Lee, 126 AD2d at 569-570; see also People v Wallace, 181 AD3d 1214, 1217 [4th Dept 2020]).
All concur except Nemoyer and Winslow, JJ., who dissent and vote to affirm in the following memorandum: The majority holds that the People failed to show that the police acted lawfully in arresting defendant. We cannot agree. We therefore respectfully dissent and vote to affirm.
The evidence at the suppression hearing established that defendant was arrested because the police mistook him for his brother, Sheffield Dortch, and it is undisputed that Sheffield had two outstanding warrants. According to the hearing testimony, the officers were looking for Sheffield on the date in question, and one officer explained that he confirmed the continued existence of the warrants "almost every day" and "almost every shift when [he] was looking for [Sheffield]." Notably, defendant never specifically challenged the existence or validity of Sheffield's warrants; indeed, defendant only questioned the relevant officer about his actions in checking those warrants. That, in our view, should be the end of the matter; defendant did not preserve the argument upon which the majority grants relief, i.e., that the People failed to prove the existence and validity of Sheffield's warrants (see People v Dodt, 61 NY2d 408, 416 [1984]).
But even assuming that the issue is adequately preserved, the law favors upholding the suppression court's resolution of the merits. The arrest of a person mistaken for someone else is valid if the arresting officer was legally authorized to arrest the person sought and " reasonably believed the person arrested was the person sought' " (People v Tejada, 270 AD2d 655, 657 [3d Dept 2000], lv denied 95 NY2d 805 [2000]). Moreover, the existence of a warrant can be established either by producing the instrument itself or by adducing reliable evidence that the warrant was active and valid at the time in question (see People v Searight, 162 AD3d 1633, 1635 [4th Dept 2018]). Here, as the suppression court found, the police "undertook due diligence repeatedly to assure that Sheffield Dortch's warrants were in fact still active and that [*3][the officer's] inquiry, on the date in question or the day prior, is adequate assurance that valid warrants existed for the arrest of Sheffield." Thus, given the People's reliable evidence that Sheffield's warrants were active and valid at the time of defendant's arrest, there can be no doubt that the police were legally authorized to arrest Sheffield, and there is no dispute that the police reasonably believed that defendant was Sheffield. It follows that defendant was lawfully arrested, and that the evidentiary fruits of that arrest were properly admitted (see People v Boone, 269 AD2d 459, 459 [2d Dept 2000], lv denied 95 NY2d 850 [2000], reconsideration denied 95 NY2d 961 [2000]; see also People v Lee, 126 AD2d 568, 569 [2d Dept 1987]; People v Ferguson, 115 AD2d 615, 616 [2d Dept 1985]). The judgment should accordingly be affirmed.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court