People v Robles-Pizarro (2021 NY Slip Op 05440)





People v Robles-pizarro


2021 NY Slip Op 05440


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


859 KA 19-00982

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRES ROBLES-PIZARRO, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered November 30, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that Supreme Court (Brunetti, A.J.) erred in refusing to suppress evidence obtained from a search of his apartment. "It is well established that the police need not procure a warrant in order to conduct a lawful search when they have obtained the voluntary consent of a party possessing the requisite authority or control over the premises or property to be inspected" (People v Adams, 53 NY2d 1, 8 [1981], rearg denied 54 NY2d 832 [1981], cert denied 454 US 854 [1981]; see People v Cosme, 48 NY2d 286, 290 [1979]; People v Swain, 109 AD3d 1090, 1092 [4th Dept 2013], lv denied 23 NY3d 968 [2014]). Here, the court credited a detective's testimony that defendant let the officers inside his apartment after the detective knocked on the door (see People v McCrary, 152 AD2d 710, 711 [2d Dept 1989]; see generally People v Tucker, 149 AD3d 1261, 1263 [3d Dept 2017], lv denied 29 NY3d 1087 [2017]). The court further credited the testimony of another detective that defendant's girlfriend consented to the police searching the apartment and determined that her consent was freely and voluntarily given (see Swain, 109 AD3d at 1092). "In reviewing a determination of the suppression court, great weight must be accorded its decision because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous" (People v Stokes, 212 AD2d 986, 987 [4th Dept 1995], lv denied 86 NY2d 741 [1995]; see People v Mejia, 64 AD3d 1144, 1145 [4th Dept 2009], lv denied 13 NY3d 861 [2009]; see generally People v Prochilo, 41 NY2d 759, 761 [1977]). The court's credibility determinations are supported by the record, and we see no basis to disturb them.
Defendant's remaining contentions are either unpreserved for our review or without merit.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court