People v Tubbins (2022 NY Slip Op 07317)

People v Tubbins

2022 NY Slip Op 07317

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

701 KA 19-01440

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES TUBBINS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 24, 2019. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the omnibus motion seeking to suppress physical evidence and statements are granted, the indictment is dismissed, and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]), defendant contends that Supreme Court erred in refusing to suppress, as the products of an unlawful search and seizure, physical evidence and his statements to the police. We agree.
According to the evidence adduced at the suppression hearing, two police officers on routine patrol at night observed three individuals with open bottles and containers of alcohol seated at a picnic table in a grassy area outside of a vacant house known as a location for criminal activity, and saw a fourth individual smoking marihuana in the driveway. After an initial inquiry about what the individuals were doing, the officers approached the picnic table, where defendant was sitting with a cup, at which point defendant jumped up and attempted to run off. One of the officers grabbed and tackled defendant in front of the vacant house, and defendant was handcuffed. According to the officers, defendant was placed under arrest for violation of the local open container ordinance and for obstructing governmental administration. The police recovered a gun from defendant during a pat-down search at the scene and a bag of cocaine from defendant's person during a search after defendant was transported to central booking.
Following the suppression hearing and submission of a post-hearing memorandum of law by the People, the court issued a written decision in which it determined, as its conclusion of law, that "[t]he police had probable cause to issue defendant a citation [for] violation of a city ordinance and [t]respass" and, "[w]hen defendant ran prior to receiving the citation, the police had probable cause to stop and arrest defendant for [o]bstructing [g]overnmental [a]dministration." The court concluded that the searches of defendant at the scene uncovering the weapon and at central booking resulting in the discovery of cocaine were lawful incident to that arrest. The court therefore refused to suppress the physical evidence seized and defendant's statements to the police.
Initially, there is no dispute that, based on their observations of defendant and two other individuals sitting at a picnic table with open bottles and containers of alcohol outside of a vacant [*2]house known as a location for criminal activity and of a fourth individual smoking marihuana in the driveway, the officers had at least "an objective credible reason not necessarily indicative of criminality" justifying their approach of the group to request information by asking the "basic, nonthreatening question[]" about what the members of the group were doing (People v Hollman, 79 NY2d 181, 185 [1992]; see id. at 190; see generally People v Mack, 49 AD3d 1291, 1292 [4th Dept 2008], lv denied 10 NY3d 866 [2008]). The central question on appeal is therefore whether the officers had probable cause to arrest defendant for obstructing governmental administration on the ground that defendant interfered with the officers' ability to issue citations for a trespass violation (see Penal Law § 140.05) and a violation of the open container ordinance (see Buffalo City Code ch 69) when, immediately following the officers' approach and inquiry, defendant jumped up from the picnic table and began to run away. We agree with defendant, and the People do not dispute, that the officers did not have probable cause to arrest him for obstructing governmental administration.
As relevant here, "[a] person is guilty of obstructing governmental administration when he [or she] intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act" (Penal Law § 195.05). "The plain meaning of the statute and the accompanying commentary clearly demonstrate that the mens rea of this crime is an intent to frustrate a public servant in the performance of a specific function" (People v Brooks, 171 AD3d 778, 780 [2d Dept 2019] [internal quotation marks omitted]; see § 15.05 [1]). In addition, where, as here, the operative obstruction is interference, such interference "ha[s] to be, in part at least, physical in nature" (People v Case, 42 NY2d 98, 102 [1977]; see People v Dumay, 23 NY3d 518, 524 [2014]; Matter of Davan L., 91 NY2d 88, 91 [1997]).
Here, according to the court's decision, the officers had probable cause to believe that defendant intentionally attempted to prevent them from performing the official function of issuing citations for trespass and violation of the open container ordinance. As defendant contends, however, although the officers testified that they were planning to issue citations for violation of the open container ordinance as they approached the picnic table, there is no evidence that, when defendant jumped up from the table and attempted to run away, the officers were in the process of issuing the citations (cf. People v Hagood, 93 AD3d 533, 534 [1st Dept 2012], lv denied 19 NY3d 973 [2012]) or that they had given any directive for defendant to remain in place while they issued such citations (cf. Davan L., 91 NY2d at 91; People v Graham, 54 AD3d 1056, 1058 [2d Dept 2008]; People v Romeo, 9 AD3d 744, 745 [3d Dept 2004]). The officers thus had no reasonable basis to believe that defendant had the requisite intent—i.e., the conscious objective—to prevent them from issuing citations (see Penal Law §§ 15.05 [1]; 195.05). Consequently, as defendant contends and the People correctly concede, we conclude that the officers lacked probable cause to arrest defendant for obstructing governmental administration. The court therefore erred in determining that the searches of defendant at the scene uncovering the weapon and at central booking resulting in the discovery of cocaine constituted proper searches incident to a lawful arrest for obstructing governmental administration.
The People nonetheless contend, as they asserted in their post-hearing memorandum of law, that the officers had probable cause to arrest defendant for trespass and violation of the open container ordinance, and that the searches of defendant were incident to a lawful arrest on that basis. We agree with defendant for the reasons that follow that we have no authority to affirm on the ground proposed by the People (see People v Smith, 202 AD3d 1492, 1494 [4th Dept 2022]).
Under CPL 470.15 (1), "[u]pon an appeal to an intermediate appellate court from a judgment, sentence or order of a criminal court, such intermediate appellate court may consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant." That provision is "a legislative restriction on the Appellate Division's power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]; see People v Nicholson, 26 NY3d 813, 825 [2016]; People v Concepcion, 17 NY3d 192, 195 [2011]). "[W]here the trial court's decision is fully articulated[,] the Appellate Division's review is limited to those grounds" (Nicholson, 26 NY3d at 826). The Appellate Division engages in "the type of appellate overreaching prohibited by CPL 470.15 (1)" [*3]when it "renders a decision on grounds explicitly different from those of the trial court, or on grounds that were clearly resolved in a defendant's favor" (id.; see LaFontaine, 92 NY2d at 472).
Here, the court determined that the officers' arrest of defendant, and thus the subsequent searches and seizures incident to that arrest, were lawful solely on the ground that the officers had probable cause to arrest defendant for obstructing governmental administration. Despite being presented with the People's argument, the court declined to uphold the searches and seizures as incident to a lawful arrest for trespass or violation of the ordinance. Thus, the court's determination that the officers had probable cause to arrest defendant for obstructing governmental administration, and that the searches and seizures were incident to a lawful arrest for that offense, "was the only issue decided adversely to defendant at the trial court" (LaFontaine, 92 NY2d at 474). That determination "alone constituted the ratio decidendi for upholding the legality of the [searches and seizures] and denying the suppression of evidence" (id.). Our "review, therefore, is confined to that issue alone" (id.; see People v Richards, 151 AD3d 1717, 1719 [4th Dept 2017]; see also Smith, 202 AD3d at 1494).
Based on the foregoing, inasmuch as the officers lacked probable cause to arrest defendant for obstructing governmental administration, we conclude that the court erred in refusing to suppress the physical evidence and defendant's statements to the police as the fruits of an unlawful arrest (see generally People v Ortiz, 31 AD3d 1112, 1113-1114 [4th Dept 2006], lv denied 7 NY3d 869 [2006]) and that defendant's guilty plea must be vacated (see Richards, 151 AD3d at 1720; People v Savage, 137 AD3d 1637, 1639-1640 [4th Dept 2016]). Moreover, because such a determination results in suppression of all evidence supporting the crimes charged, the indictment must be dismissed (see Richards, 151 AD3d at 1720; Savage, 137 AD3d at 1640).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court