People v Montgomery (2023 NY Slip Op 03606)

People v Montgomery

2023 NY Slip Op 03606

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

367 KA 22-00864

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER MONTGOMERY, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (GARY T. KELDER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 29, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress the physical evidence is granted, the indictment is dismissed, and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]).
In January 2020, the victim of a shooting identified defendant's brother as the shooter. Officers obtained a search warrant for the residence of defendant's brother. The warrant authorized officers to search "any person(s) found in said premise." Surveillance units observing the target residence saw defendant exit the residence prior to the execution of the search warrant. A nearby SWAT team was directed to take defendant into custody pursuant to the warrant. The SWAT team intercepted defendant as he was walking in the roadway approximately two blocks away from the target residence and ordered him to stop. Although defendant ran, he was quickly apprehended and a discarded firearm was discovered along the route on which defendant had fled. Defendant was indicted on a single count of criminal possession of a weapon in the second degree and that part of his omnibus motion seeking to suppress the physical evidence was denied. Defendant pleaded guilty without waiving his right to appeal.
Defendant contends that County Court erred in refusing to suppress the physical evidence because he was unlawfully seized. We agree. "In reviewing a determination of the suppression court, great weight must be accorded its decision because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous" (People v Robles-Pizarro, 198 AD3d 1379, 1379 [4th Dept 2021], lv denied 37 NY3d 1164 [2022] [internal quotation marks omitted]; see People v Stokes, 212 AD2d 986, 987 [4th Dept 1995], lv denied 86 NY2d 741 [1995]). However, where the issue presented is whether the People have demonstrated "the minimum showing necessary" to establish the legality of police conduct, "a question of law is presented for [our] review" (People v McRay, 51 NY2d 594, 601 [1980]; see People v Dortch, 186 AD3d 1114, 1115 [4th Dept 2020]). Here, the court refused to suppress the physical evidence on the ground that the officers' observation of defendant walking in the roadway provided probable cause for them to believe that defendant had violated the Vehicle and Traffic Law, which justified the initial stop and the subsequent pursuit of defendant. Vehicle and Traffic Law § 1156 (a) requires that, "[w]here sidewalks are provided and they may be used with safety it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway." Here, when asked at the suppression hearing if he had seen defendant "doing anything [*2]illegal," the testifying police officer responded, "[o]ther than walking down the center of the road, no." Even assuming, arguendo, that we can infer the presence of a sidewalk based on the officer's response, we conclude that the People failed to establish that a sidewalk was available and that it could "be used with safety" (id.), especially when considering that defendant was stopped in January in central New York. Nor did the People establish that defendant, by walking "down the center of the road," violated section 1156 (b), which requires a pedestrian, where sidewalks are not provided, to "walk only on the left side of the roadway or its shoulder facing traffic" inasmuch as a pedestrian is only required to do so "when practicable." Thus, we agree with defendant that, under the circumstances of this case, the People failed to meet their burden of establishing the legality of the police conduct. The court therefore erred in refusing to suppress the physical evidence obtained as a result of the unlawful seizure (see People v Suttles, 214 AD3d 1313, 1314 [4th Dept 2023]; Dortch, 186 AD3d at 1116; People v Lopez, 206 AD2d 894, 894 [4th Dept 1994], lv denied 84 NY2d 937 [1994]). Because our determination results in the suppression of all evidence supporting the crime charged, the indictment must be dismissed (see Suttles, 214 AD3d at 1314).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court