People v Archie (2024 NY Slip Op 02408)

People v Archie

2024 NY Slip Op 02408

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

114 KA 22-01000

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEMETRIUS ARCHIE, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (James H. Cecile, A.J.), rendered June 16, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arises from an incident in which the police recovered a gun following an attempted traffic stop of a vehicle that defendant was driving. According to police testimony at a suppression hearing, defendant refused to pull over his vehicle when the police officers who were pursuing it activated their patrol car's overhead lights and siren in an attempt to stop the vehicle and, during their continued pursuit, the police observed the gun that was recovered being thrown from the vehicle by a front seat passenger. Defendant was later apprehended after the vehicle crashed and he and the passenger fled on foot.
Defendant contends that the police acted unlawfully in their initial pursuit and attempted stop of the vehicle that he was driving and, therefore, County Court erred in refusing to suppress evidence obtained as a result of such unlawful conduct. We reject that contention. It is well settled that a police officer may stop a vehicle when they have "probable cause to believe a driver has committed a traffic infraction," regardless of whether the officer's "primary motivation is to conduct another investigation" (People v Robinson, 97 NY2d 341, 346 [2001]; see People v Addison, 199 AD3d 1321, 1321-1322 [4th Dept 2021]). Moreover, "the credibility determinations of the suppression court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (Addison, 199 AD3d at 1322 [internal quotation marks omitted]; see People v Montgomery, 217 AD3d 1526, 1527 [4th Dept 2023]; People v Robles-Pizarro, 198 AD3d 1379, 1379 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]).
Here, affording great deference to the court's resolution of credibility issues at the suppression hearing (see generally People v Prochilo, 41 NY2d 759, 761 [1977]), we conclude that the record supports the court's determination that the police acted lawfully in their pursuit and attempted stop of defendant's vehicle (see People v Coss, 189 AD3d 1759, 1762 [3d Dept 2020]; People v Cox, 215 AD2d 684, 684 [2d Dept 1995], lv denied 86 NY2d 841 [1995]; see generally Robinson, 97 NY2d at 348-349). At the suppression hearing, one of the officers involved in the attempted traffic stop testified that, prior to the pursuit of defendant's vehicle, he observed the vehicle driving away from the scene of a reported shooting at a "very high rate of speed," i.e., a rate that appeared to be "above and beyond the speed limit," in violation of the Vehicle and Traffic Law. "[A] qualified police officer's testimony that [they] visually estimated the speed of a defendant's vehicle may be sufficient to establish that the defendant exceeded the [*2]speed limit" where the People "establish the officer['s] training and qualifications to support their visual estimates of the speed of the vehicle" (People v Suttles, 214 AD3d 1313, 1314 [4th Dept 2023], lv denied 40 NY3d 936 [2023]). Here, the officer testified that he received such training and that, although he could not recall having personally issued a speeding ticket, he used that training as part of his duties as a patrol officer (see People v Scott, 189 AD3d 2110, 2110-2111 [4th Dept 2020], lv denied 36 NY3d 1123 [2021]). Contrary to defendant's contention, "there is nothing about the officer's testimony in that regard that is unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Layou, 134 AD3d 1510, 1511 [4th Dept 2015], lv denied 27 NY3d 1070 [2016], reconsideration denied 28 NY3d 932 [2016] [internal quotation marks omitted]).
Defendant's contention that the court should have recused itself is unpreserved for our review (see CPL 470.05 [2]; People v Gulbin, 165 AD3d 1611, 1612 [4th Dept 2018], lv denied 32 NY3d 1172 [2019]; People v LaValley, 41 AD3d 1153, 1154 [4th Dept 2007], lv denied 9 NY3d 877 [2007]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court